COTZHAUSEN vs. KAEHLER and another.

TAX SALE: EVIDENCE: PLEADING, *(1) Return of delinquent taxes must be verified. (2) Evidence of lack of verification. (3) Admission in answer construed.*

1. Where a town treasurer's return of delinquent taxes is not verified by his affidavit, as required by law (R. S., ch. 18, sec. 95; Tay. Stats., 422, § 113), the county treasurer has no authority to sell the land.

2. In ejectment based upon a tax deed, a certified copy of the record in the county treasurer's office for the proper year, relating to the return of the land in question for nonpayment of taxes, which record does not show any affidavit of the town treasurer verifying such return, together with proof that the county treasurer's office contains no other record in respect to such return, is sufficient *prima facie* evidence that the return was not verified.

3. An averment in the answer, after a general denial, that the plaintiff's grantor, as grantee in the tax deed, "was the owner of all the right, title or interest in said premises, *if any there was acquired,* or to which such owner might be entitled, by virtue of" such deed, is not an admission that any title in fact passed by the tax deed.

APPEAL from the Circuit Court for *Ozaukee* County.

Ejectment. The case is sufficiently stated in the opinion. The plaintiff had a judgment; from which the defendants appealed.

For the appellants, briefs were filed by *Eugene S. Turner,* and the cause was argued orally by *Mr. Turner* and *S. U. Pinney.*

For the respondent, briefs were filed by *Cotzhausen, Smith,*

*Sylvester & Scheiber*, and the cause was argued orally by *Mr. Cotzhausen.*

The following opinion was filed at the January term, 1877:

LYON, J. This is an appeal from a judgment for the plaintiff in an action of ejectment. The plaintiff's title to the lands in controversy depends upon the validity of four tax deeds introduced in evidence by him on the trial of the cause. Assuming the deeds to be in proper form, they make a *prima facie* case for the plaintiff. Laws of 1859, ch. 22, sec. 25 (Tay. Stats., 435, § 161). To impeach these tax deeds, the defendants introduced certified copies of the records in the office of the county treasurer of the proper county, relating to the return of the lands in controversy by the respective town treasurers to the county treasurer for nonpayment of the taxes for which the lands were afterwards sold, and upon which sales the tax deeds in question were executed. This record contains no affidavit (as required by the statute) of either of the town treasurers making such returns. R. S., ch. 18, sec. 95 (Tay. Stats., 422, § 113). The defendants satisfactorily proved that the county treasurer's office contained no records in respect to such returns other than those of which certified copies were thus introduced, and this proved, *prima facie* at least, that none of the returns of the town treasurers were verified. Such proof was not rebutted, and hence, for the purposes of this appeal, it must be assumed that each of those returns was unverified by the affidavit of the town treasurer, required by law to be annexed thereto.

We are of the opinion that without such verification the county treasurer had no authority to sell the lands so returned delinquent, and hence, that the sales based upon such unverified returns, and the tax deeds founded on such sales, are void. It is only when lands are returned delinquent "*as provided by law*," that they are subject to sale for unpaid taxes (Laws of 1859, ch. 22, sec. 1; Tay. Stats., 427, § 131); and the lands in

controversy were not thus returned. The return of lands for the nonpayment of taxes is one step in the direction of divesting a person of his property without his consent, and, in any event, may be the cause of much inconvenience and expense to the owner; and full effect should be given to all provisions of the statute having for their object the protection of such owner from the consequences of having his lands illegally returned delinquent. Such, we think, was the object of the provision requiring the town treasurer to verify the delinquent list returned by him to the county treasurer by his affidavit that the taxes on the lands returned are unpaid. We do not see how that object can be attained, unless we hold (as we do hold) that if the verification be wanting, all subsequent proceedings in respect to the sale and conveyance of the lands returned are at least voidable, if attacked within the time limited by the statute of limitations, and in the manner authorized by law.

It is claimed in the argument of the learned counsel for the plaintiff, that the answer of the defendants admits that the title to the lands in controversy is in the grantee named in some of the tax deeds, and hence, that the defendants could not be heard to deny the validity of such deeds. We do not so understand the answer. It contains a denial of each and every allegation in the complaint, and merely admits that such grantee "was the owner of all the right, title or interest in said premises, *if any there was acquired* or to which such owner might be entitled" by virtue of some or one of the above mentioned tax deeds. This falls far short of an admission that such grantee was, in fact, the owner of the lands by virtue of such tax deed. It is an admission of the existence of the deeds, not of their legal effect.

Numerous other questions were argued at the bar with much ability. Some of them are so important that we feel justified in leaving them undetermined until they can be considered by a full bench.

The determination of the question as to the effect upon the tax deeds of the want of a verified return of the lands as delinquent, is decisive of the case as presented in the record before us, and we have concluded to leave all other questions undecided.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded with directions to dismiss the complaint unless the plaintiff satisfies the court that such returns were duly verified. If he satisfies the court of that fact, there should be a new trial.

RYAN, C. J., took no part.

A motion by the respondent for a rehearing was denied at the August term, 1877.