RILEY v. LEMIEUX.

1. JUDGMENT—*Against One Not in Being* at the institution of the action, is void.

2. EVIDENCE—*Admission in Pleading*, that a certain action was instituted, and decree given therein, but alleging that the defendant named in the action was dead before its institution, is not an admission of the jurisdiction of the court in which the decree was given.

3. WORDS AND PHRASES—*"Unmarried."* A stipulation made during the trial of a bill to quiet the title to land, that a person named, the former proprietor of the lands, "died unmarried," imports that he never married, and left no descendants.

4. TAX TITLE—*Void Deed.* A treasurer's deed which fails to describe the lands sold, is void.

*Appeal from Kit Carson District Court.* HON. W. S. MORRIS, Judge.

Mr. GEORGE W. TAYLOR, for appellant.

Mr. P. B. GODSMAN, for appellee.

HURLBUT, J., delivered the opinion of the court.

Code action to quiet title, by appellee (plaintiff below) against appellant, in the district court of Kit Carson county. Neither the transcript nor the abstract of record shows when the complaint was filed, but it appears that it was sworn to March 14, 1908. Therefore, it may be presumed that the action was instituted on that date or at some time subsequent thereto.

Plaintiff secured a decree for the disputed premises, from which this appeal is prosecuted.

The action involved the title to the N. W. ¼ of Sec. 35, Twp. 8 S., R. 44 W. The answer denies the allegations of the complaint material to plaintiff's recovery, sets up title in defendant by virtue of a tax deed upon which his title depends, and pleads the two statutes of limitation as found in sec. 6 and sec. 7 respectively, Ses-

sion Laws 1893, pages 328 and 329. The answer further pleads what is termed a fourth defense and cross-bill, founded upon a decree of the county court of said Kit Carson county, also a fifth defense and cross-bill, equivalent to a cause of action under the code to quiet title, based on the tax deed.

At the trial it was stipulated that the land in issue was, and had been for ten years prior to the commencement of the action, vacant and unoccupied; "that E. T. Lemieux, who was the owner of the land in controversy in this action at the time when the same was sold for taxes, died intestate and unmarried at San Francisco, in the State of California, in the month of July, A. D. 1899; that Joseph Lemieux, the plaintiff in this action, is the father of the said E. T. Lemieux; that E. T. Lemieux and Eugene T. Lemieux were one and the same person."

Plaintiff by proper proof fixed title to the premises in E. T. Lemieux, by patent from the government.

Defendant offered in evidence the complaint in the action in said county court, upon which the decree is founded. This was excluded by the court upon plaintiff's objection. It shows it was filed April 23rd, 1904. The decree of the county court was then offered in evidence by defendant, but excluded upon plaintiffs objection that the same was rendered after defendant's death, and that the county court action was begun subsequent to the death of defendant therein named. The ruling was right. It is apparent from the record that when the suit was instituted in the county court against E. T. Lemieux he had been dead nearly five years. While there are a few cases to the contrary, the general current of authority adopts the rule that a judgment rendered in an action begun after the death of defendant therein is null and void, and can be attacked directly or collaterally.

"If an action is begun against one who is dead at the time, and prosecuted to judgment, the judgment will

be absolutely void for want of jurisdiction."—23 Cyc., 681.

"That there should, at some time during its progress, be living parties to both sides of an action, we think indispensable; and that no sort of jurisdiction can be obtained against one who was dead when suit was commenced against him as defendant, or in his name as plaintiff; and that no judicial record can be made which will estop those claiming under him from showing that he died before the action was begun, and that a judgment for or against him must necessarily be void."—1 Freeman on Judgments, Sec. 120, 153; Black on Judgments, 2nd Ed., Sec. 203; *Jones Lumber Co. v. Rhoades,* 17 Tex. Civ. App., 665, 41 S. W., 102; *Claflin et al. v. Dunne,* 129 Ill., 241, 21 N. E., 834, 16 Am. St., 263; *Crosley v. Hutton,* 98 Mo., 197, 11 S. W., 613; *Mortgage Trust Co. v. Redd,* 38 Colo., 458, 88 Pac., 473, 8 L. R. A. (N. S.), 1215, 120 Am. St., 132; *Wilson v. Hawthorne,* 14 Colo., 530, 24 Pac., 548; *Smith v. Morrill,* 12 Colo. App., 233, 55 Pac., 824.

In appellant's brief counsel contends that the pleadings and evidence admit the sufficiency of service and validity of decree in the county court case. The record fails to disclose such to be the case. The fourth defense and cross-complaint of the answer pleads the county court decree as a complete defense to plaintiff's cause of action. In his reply plaintiff admits that the suit was brought in the county court and decree rendered as stated in the answer, but at the same time denies the decree to be of any effect against plaintiff, for the reason that the action upon which it is based was begun subsequent to the death of defendant therein named. This admission, accompanied by the statement that the decree was of no effect as against plaintiff, cannot be said to be an admission of the jurisdiction of the county court or the validity of the decree. It is a qualified admission only, and must

be taken with the limitations placed thereon by defendant.—*Cotzhausen v. Keehler and Another,* 42 Wis., 332; 31 Cyc., 212 and 213.

Another claim urged by appellant is that there is no evidence showing Joseph Lemieux, plaintiff, to have been the owner of the premises in dispute at the time this suit was brought; his contention being that, while the stipulation admits that E. T. Lemieux was the owner of the land in issue at the time it was sold for taxes, and that plaintiff is his father, it does not follow that plaintiff was the owner of the same or any part thereof, reasoning that for all that appears of record, E. T. Lemieux may have been a widower, and left children or issue thereof living at the time of his death. There is no merit in this contention. The stipulation states that E. T. Lemieux died unmarried, etc. This word "unmarried" has been repeatedly construed by courts of last resort, when used in the sense here found, and the general trend of authorities construes it as meaning "never having been married." This is held to be its ordinary and primary meaning.—Vol. 8, Words and Phrases, p. 7196; *Hall v. Robertson,* 21 Eng. Law & Eq., 504; *Frail v. Carstairs,* 187 Ill., 310, 58 N. E., 401. A fair interpretation of the stipulation on this point would justify a presumption that the parties meant that at the time of E. T. Lemieux's death he left no children or issue thereof surviving him. The stipulation was made during the progress of the trial, and, if we consider the occasion and purpose of the same, any other interpretation would be against the apparent intention of the parties, and permit of its being used as a trap, to plaintiff's disadvantage.

The fourth assignment of error challenges the ruling of the court in excluding from evidence the tax deed upon which the fifth defense and cross-bill is predicated. This deed is almost identical with one considered by the

supreme court in *Lines v. Digges*, 43 Colo., 166, 95 Pac., 341, wherein that tribunal held the deed to be void, for the reason that it did not describe, in terms, the property bid for and sold, or by apt words indicate such property. The same imperfection exists in the deed we are now considering, which renders it void on its face; hence no error was committed in excluding it.

Defendant wholly failed to establish by requisite proof either the second or third defense, both being based upon the statute of limitations.

We discover no error in the proceedings before the trial court. The judgment is affirmed.