MINNIE A. O'LEARY (JAMES E. O'LEARY, SUBSTITUTED
PLAINTIFF) *vs.* THE WATERBURY TITLE COMPANY
ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 4th—decided June 13th, 1933.

*Michael V. Blansfield* and *Harry J. Beardsley,* with whom, on the brief, was *Herman B. Engelman,* for the appellant (plaintiff).

*Frank R. Goldman,* for the appellee (defendant The Union & New Haven Trust Company, trustee).

HAINES, J. On February 19th, 1926, the plaintiff mortgaged certain real estate in Waterbury, to the Connecticut Mortgage & Title Guaranty Company, trustee, hereinafter referred to as the Mortgage Company, for $45,000. It purported to be a first mortgage, but the Mortgage Company as a condition of its acceptance required that the defendant Waterbury Title Company, hereinafter referred to as the Title Company, first certify that it was in fact a first mortgage. The Title Company found upon the land records a mortgage of $1200, given by Edward J. Porter to Isaac Coe of Waterbury, dated April 6th, 1872, and unre-

leased of record, whereupon, by agreement of the parties, the Title Company disbursed the $45,000 and the plaintiff deposited with that company $1200 as a reserve fund to be released to her upon the removal of the cloud upon the title. This agreement was reduced to writing and was as follows:

"Waterbury, February 19, 1926.

"I have deposited in the hands of The Waterbury Title Company, trustee, the sum of twelve hundred dollars ($1200) being part of the forty-five thousand dollars ($45,000) this day paid over to said Title Company by The Connecticut Mortgage and Title Guaranty Company for me; the same to be held by said Title Company until I shall cause to be removed from the Waterbury land records a certain mortgage for twelve hundred dollars ($1200) to Isaac Coe, recorded on Waterbury land records, volume — page —, for the purpose of making my mortgage to The Connecticut Mortgage and Title Guaranty Company prior to said mortgage to said Coe, such removal to be satisfactory to said Title Company and to be made within a reasonable time hereafter. If I shall not cause such removal to the satisfaction of said Title Company within a reasonable time after this date, said Title Company is hereby authorized to pay over to said The Connecticut Mortgage and Title Guaranty Company said twelve hundred dollars ($1200). If I shall cause such removal to be made to the satisfaction of said Title Company within a reasonable time hereafter, said Title Company is to pay over said twelve hundred dollars ($1200) to me.                    Minnie A. O'Leary.

"We accept the above. The Waterbury Title Company, by Bernard E. Carroll, Manager."

Alleging that the agreement had been complied with and that the mortgage of $1200 had been cleared of record, the plaintiff sought to recover the $1200 de-

posit from the Title Company. The defendant denied this allegation and pleaded that the mortgage had not been removed to its "satisfaction," and that it was therefore holding the $1200 deposit under the written agreement and that it had no interest therein. The Title Company also filed a cross-complaint alleging that demand for this money had been made upon it by the Mortgage Company and praying that the demanding parties interplead. The Mortgage Company was made a defendant and filed an answer to the original complaint setting up its claim to the money. Upon motion of the Title Company the court entered judgment of interpleader; by stipulation The Union & New Haven Trust Company, successor trustee, was substituted for the Mortgage Company as a party defendant, and James E. O'Leary was substituted for Minnie A. O'Leary, as party plaintiff. The respective claims were thereafter set up in detail in subsequent pleadings. After hearing the plaintiff, no defendants appearing, the court found for The Union & New Haven Trust Company, trustee, and ordered payment of the $1200 to it by the Title Company less an allowance to the latter for services and expenses. From this judgment the plaintiff now appeals to this court and the contentions are twofold: (1) that the action taken to clear the mortgage was legally effective, and (2) that this being so, the Title Company could not legally be dissatisfied with the title under the terms of the contract.

The record discloses that Minnie A. O'Leary, in making her claims in the Superior Court, introduced a judgment obtained in the Superior Court for New Haven County May 28th, 1926, in which it is found and adjudged that the $1200 mortgage is cleared of record. The present defendants pleaded the invalidity

of that judgment, thus making a collateral attack upon it.

A court is without power to render a judgment if it lacks jurisdiction of the parties or of the subject-matter, one or both. In such cases, the judgment is void, has no authority and may be impeached. *Dante* v. *Dante,* 93 Conn. 160, 163, 105 Atl. 353; *Clover* v. *Urban,* 108 Conn. 13, 17, 18, 142 Atl. 389; *Ferrie* v. *Trentini,* 111 Conn. 243, 252, 149 Atl. 644. Although the recital in the record of a jurisdictional fact is in general to be regarded as conclusive, yet it is not conclusive where other portions of the record itself show the fact to be otherwise. *Butterfield* v. *Miller,* 195 Fed. 200; *Pearson* v. *Pearson,* 46 Cal. 609; *Binkley* v. *Switzer,* 69 Colo. 176, 192 Pac. 500; *Swearengen* v. *Gulick,* 67 Ill. 208; *Muncey* v. *Joest,* 74 Ind. 409; *State* v. *Waterman,* 79 Iowa, 360, 44 N.W. 677; *Granger* v. *Clark,* 22 Me. 128.

Turning to the present record, we find that the plaintiff's action brought to the District Court of Waterbury to clear the mortgage, was attempted under the provisions of the General Statutes, Rev. 1918, § 5113, now Rev. 1930, § 5035, entitled "Action to settle title to land." Attached to the complaint was an affidavit subscribed and sworn to by the plaintiff, Minnie A. O'Leary, reciting that she did not know all or any of the heirs or executors of the defendant Isaac Coe, nor where they or any of them resided, whereupon the District Court issued an order of notice which recited that it was found by that court that the defendants "are of — gone to parts unknown," and ordering publication in the Waterbury Democrat, Inc., of notice of the pendency of the complaint. This affidavit and order of publication were obviously an attempt to comply with a different statutory procedure from that under which the complaint was brought, namely, of

General Statutes, Rev. 1918, § 5114, as amended by Public Acts of 1921, Chap. 32, § 1, now General Statutes, Rev. 1930, § 5038, and § 5479, where "representatives and creditors" are parties defendant. Section 5038 is entitled "Discharge of mortgages after seventeen years," and under this statute it is provided that the Superior Court alone has jurisdiction. The record then shows an unsigned return, purporting to be by a constable, of the service of the order of publication. In this confused state of the record, the plaintiff filed a "motion to reopen judgment," alleging therein that the "action was brought to discharge a mortgage and was an action to quiet title to land and said action should have been brought to the Superior Court as provided by Section 5114 of the General Statutes, Revision of 1918."

There is nothing in the record to show that there was any "judgment" to open, nor does it appear that any action was taken upon the motion, but on the same day the plaintiff filed an application for an order of court "removing said cause to the Superior Court for New Haven County according to the statute in such case made and provided." This application alleged that the action had been "duly served upon the defendants by order of notice," and assigned as the reason for the application, that "by error and mistake this action was brought to the District Court of Waterbury . . . and is the wrong court to which to bring the same, and this court has no jurisdiction over said cause under the statute made in such case and provided, namely Section 5114 of the General Statutes, Revision of 1918." The court found the allegations of the application "true" and ordered the removal of the case to the Superior Court for New Haven County at Waterbury. Thereafter there appears a motion by the plaintiff in the last named court, for a "hearing on

petition to quiet title," and next thereafter is the judgment of that court.

After reciting the foregoing facts, in substance, that judgment proceeds: "The court finds that said writ, dated February 23, 1926, was duly served on all said defendants pursuant to an order of notice made thereon by a judge of said District Court of Waterbury by publication in the *Waterbury Evening Democrat,* a newspaper published in said Waterbury . . . The court, having heard the plaintiff, no plea or answer being filed by any of said defendants, finds that the plaintiff is the owner in fee simple of the land with the buildings thereon . . . and that said plaintiff has been in undisturbed possession of said property since December 27, 1916, and since January 29, 1916, and that . . . the plaintiff and her immediate grantor, Alfred C. Peal, have been in undisturbed possession of said property for at least seventeen years after the expiration of the time limited in a mortgage deed from Edward J. Porter to Isaac Coe, dated April 6, 1872, as the same is recorded in Waterbury Land Records . . . and said plaintiff and said Alfred C. Peal have been in undisturbed possession of said above described property for seventeen years next preceding the commencement of this action, and that the defendant, Isaac Coe, is dead and that his widow and heirs and Irving H. Coe and Eugene S. Wyman executors under the will of said Isaac Coe, have been made parties to this action and duly served, and that the plaintiff has absolute title in the said above described land in fee simple."

It was thereupon adjudged that the plaintiff and her immediate grantors had been in exclusive possession and undisturbed control of the land above described since 1893, and, further, that none of the defendants had any real estate, interest in or encumbrance on said

described land or any part thereof, and that said mortgage from Edward J. Porter to Isaac Coe, dated April 6th, 1872, recorded in Waterbury land records, volume 87, page 476, "be and the same is hereby declared null and void and of no force or effect, and further, that the plaintiff cause to be recorded in said Waterbury land records, within thirty days from the date hereof, a certified copy of this judgment."

It is evident that the notice was attempted to be given and that the judgment was rendered under the provisions of General Statutes, Rev. 1918, § 5114, now Rev. 1930, § 5038, though the action was brought under Rev. 1918, § 5113, now Rev. 1930, § 5035.

As already indicated, the District Court of Waterbury, to which the action was made returnable, had no jurisdiction, a fact which was afterward recognized and alleged by the plaintiff herself in her application for a transfer to the Superior Court, and also found by the District Court to be "true." Under these circumstances, the Superior Court could have been vested with jurisdiction of the action from its inception by following the procedure required by § 5606, then in force, now Rev. 1930, § 5485. That statute required, among other things, that a certified copy of the order of removal be served upon the adverse party "in the same manner as other civil process." It does not appear from the record that this was done, or that any notice to adverse parties ever emanated from the Superior Court. The District Court not having had jurisdiction of the action, the order of notice issued by it was wholly ineffectual and void, and no service upon the defendants having been made in connection with the removal of the case to the Superior Court, that court never acquired jurisdiction of the defendants.

"It is laid down as elemental law, that a court must have jurisdiction over the parties, the subject-matter

and the process, or its proceedings are *coram non judice*. . . . It is true that every presumption is in favor of a court having general jurisdiction, . . . but . . . that presumption is not always conclusive, but may be rebutted and disproved." *Sears* v. *Terry*, 26 Conn. 273, 280.

It appears from the finding that when the present action was brought the defendant Isaac Coe was long since dead—and it is found that this was known to the plaintiff; Eugene S. Wyman and Irving Coe had been dead thirty-six and thirteen years, respectively, all of which was of public record and accessible to the plaintiff and her counsel, yet heirs, representatives and creditors were not made parties defendant. General Statutes, §§ 5037, 5479. A judgment in an action begun and prosecuted against a defendant who is dead when it was begun, is null and void and may be attacked collaterally as well as directly. *Shea* v. *Shea*, 154 Mo. 599, 55 S.W. 869; *Jones Lumber Co.* v. *Rhoades*, 17 Tex. Civ. App. 665, 41 S.W. 102; *Greenstreet* v. *Thornton*, 60 Ark. 369, 30 S.W. 347; *Riley* v. *Lemieux*, 24 Colo. App. 184, 132 Pac. 699; *Kellogg* v. *Moore*, 271 Mo. 189, 196 S.W. 15; *Thouvenin* v. *Rodrigues*, 24 Tex. 468; *Garrison* v. *Blanchard*, 127 Cal. App. 616, 16 Pac. (2d) 273; 34 C. J. p. 555.

This partial review of the proceedings and what has been said relative thereto, is sufficient to show that the attempted discharge of the mortgage of $1200 from Porter to Coe was wholly ineffectual and the collateral attack upon the judgment was permissible and justified. Under these circumstances, the Title Company was also justified in claiming that the mortgage was not removed to its "satisfaction."

One of the claims of the present appellant on this appeal is that if the removal of the mortgage has not been effected by the proceedings already had, she is

entitled to bring a new action for the purpose. Her agreement provided that the title should be cleared of the mortgage "within a reasonable time" after February 19th, 1926, the date of the agreement. The judgment was rendered May 28th, 1926, and the finding shows that the plaintiff was notified on June 22d, 1926, that the Title Company did not consider the mortgage removed and that it was not satisfied with the judgment. No further attempt was made to clear the mortgage, but, instead, the plaintiff brought the present action to compel the Title Company to accept the judgment as a compliance with her agreement. Under these circumstances, we see no equitable ground for further extending the period of approximately seven years that has elapsed, to give the plaintiff an opportunity for further action. The Union & New Haven Trust Company as trustee, is clearly entitled in law and equity under this contract to have the $1200 paid to it, less proper allowances to the Title Company.

There is no error.

In this opinion the other judges concurred.