[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: PLAINTIFF'S ACTION TO STRIKE (#119)
On August 31, 1988, the plaintiff, 129 Main Street North Partnership, commenced an action against the defendant, Patricia Tunsky and Tunsky/Reeves, Ltd., for breach of a written lease agreement for rental of premises located in Woodbury, Connecticut. The defendants were defaulted for failing to appear and, on August 2, 1989, the plaintiff obtained a judgment against the defendants in the amount of $4,943.40, plus costs in the amount of $214.10. Thereafter, a judgment lien was placed on defendant Tunsky's Washington, Connecticut property.
On December 27, 1989, the plaintiff filed a complaint seeking to foreclose the judgment lien on defendant Tunsky's property. The defendant disclosed defenses to this action which, on April 15, 1991, were stricken by the court, Susco, J., because they raised issues which were litigated in a prior action between the parties. Thereafter, on June 21, 1991, the plaintiff filed a Motion for Judgment of Strict Foreclosure. On July 15, 1991, the defendant filed a general denial and two special defenses, the first of which asserted that this court lacked personal jurisdiction over the defendant on the underlying breach of lease claim as well as on the foreclosure of lease action. The second special defense alleged that the plaintiff had knowingly absolved, in writing, the defendant of personal liability on the underlying lease. On September 3, 1991, this court struck both special defenses, stating that "[t]he defendant may not raise matters by way of special defense, which should have been raised in the previous action." Memorandum Re: Motion to Strike #113.
On August 19, 1991, defendant Tunsky filed a cross complaint, in count one of which she alleges, inter alia, that she has not been served with a writ, summons and complaint in connection with any claim by the plaintiff upon a lease, or for any Application for Prejudgment Remedy CT Page 2576 in connection therewith. She further alleges that she has not entered into any lease agreement with the plaintiff. Thus, the defendant seeks to again raise the issue of jurisdiction.
In count two of her cross complaint the defendant alleges, in addition to the aforementioned, that the plaintiff commenced an initial action to collect sums not due from the defendant and, thereafter, by mistake or fraud, caused the instant action to be commenced in a similar fashion to harass, intimidate and coerce payment not due. The defendant alleges that such actions constitute a violation pursuant to General Statutes 42-110b, Connecticut's Unfair Trade Practices Act ("CUTPA").
On January 6, 1991, following the entry of a judgment of dismissal pursuant to the dormancy program, the judgment of dismissal was opened by this court, and the plaintiff's motion to strike both counts of the defendant's cross complaint, originally filed on September 11, 1991, was presented. Also presented was the defendant's September 20, 1991, memorandum in opposition to the motion to strike.
The motion to strike is provided for in Practice Book 151-158. A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). Furthermore, the court is required to construe the facts in the complaint most favorably to the plaintiff when considering a motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988).
In its memorandum in support of the motion to strike, the plaintiff claims that the allegations of count one of the cross complaint constitute an attempt to relitigate the issue of lack of personal jurisdiction, and that the proper method for raising such an issue is through a motion to open judgment pursuant to Practice Book 377. The plaintiff further claims that the second count of the cross complaint is identical to the previously asserted second special defense, filed July 15, 1991 and stricken September 3, 1991. The plaintiff also asserts that the second count one of the cross complaint constitutes an attempt to relitigate the issue of lack of personal jurisdiction, and that the proper method for raising such an issue is through a motion to open judgment pursuant to Practice Book 377. The plaintiff further claims that the second count of the cross complaint is identical to the previously asserted second special defense, filed July 15, 1991 and stricken September 3, 1991. The plaintiff also asserts that the second count is a counterclaim against the prior action which proceeded to final judgment, and that, therefore, the defendant cannot again raise these issues under a new theory of law involving CUTPA.
The defendant, in its memorandum in opposition to the motion to strike, states that a cross complaint is a proper manner by which to raise the lack of in personam jurisdiction and that, therefore, count one of the cross complaint should not be stricken. With regard to count CT Page 2577 two of the cross complaint, the defendant contends that it has properly raised the issue of whether the previous judgment was obtained by fraud as to the jurisdiction and, therefore, the motion to strike the second count of the cross complaint should also be denied.
Generally, "[i]f the court which rendered judgment had both personal and subject matter jurisdiction, and rendered a judgment within its jurisdictional limits, that judgment is valid and cannot be collaterally attacked." E. Stephenson, Connecticut Civil Procedure (2d ed.) ("Stephenson"), 353(a) (citing Morey v. Hoyt, 62 Conn. 542, 553-55,26 A. 127 (1893)). "A party seeking to attack such a judgment must do so directly. . . ." Stephenson, supra. See also Convalescent Center of Bloomfield, Inc. v. Department of Income Maintenance, 208 Conn. 187,200-01, 544 A.2d 604 (1988). A direct attack "is one made in the proceeding in which the judgment was rendered to vitiate the judgment, or in a suit to restrain its enforcement." Stephenson, supra, 353(c). A cross complaint in a second proceeding, with a prayer seeking to invalidate an earlier judgment or to restrain the plaintiff from enforcing it, constitutes a direct attack. Lampson Lumber Co. v. Hoer, 139 Conn. 294, 296-97, 93 A.2d 143 (1952). See also Stephenson, supra; Miller v. McNamara, 135 Conn. 489, 495, 66 A.2d 359 (1949) (stating that "it is generally held that an equitable proceeding for relief on the ground that a judgment is invalid because of fraud, mistake, or the like, which entered into its procurement as an efficient cause constitutes a direct and not a collateral attack upon it.")
In the current matter, count one of the defendant's cross complaint challenges the prior decision of the court by questioning the jurisdictional prerequisites of the action, by seeking to invalidate the earlier judgment, and by seeking to restrain the plaintiff from enforcing said judgment.
The second count of the cross complaint also challenges the court's jurisdiction regarding the previous judgment. As was stated, supra, that count alleges that the defendant was not served with a writ, summons and complaint in connection with any claim by the plaintiff, or for any Application for Prejudgment Remedy in connection therewith. The defendant alleges that she has not entered into any lease agreement with the plaintiff. The defendant also alleges, inter alia, that the plaintiff commenced an action to collect sums not due from the defendant and, thereafter, by mistake of fraud, caused the instant action to be commenced in a similar fashion to harass, intimidate and coerce payment not due. A claim "that the judgment was obtained by fraud as to the jurisdiction is in reality a claim as to lack of jurisdiction, not fraud, and the validity of the judgment depends on the actual jurisdiction of the court, and not upon the alleged fraud." Stephenson, supra, 353(c); Ruick v. Twarkins, 171 Conn. 149, 153,367 A.2d 1380 (1976). Consequently, count two of the defendant's cross complaint raises the issue of the court's jurisdiction. CT Page 2578
Thus, the cross complaint constitutes a direct attack, as the prayer for relief, which seeks to invalidate the earlier judgment and to restrain the plaintiff from enforcing said judgment, satisfies the standard set forth in Lampson Lumber Co., supra. The cross complaint is, in this instance, the proper manner by which to question the court's jurisdiction and the motion to strike is therefore denied,
PICKETT, JUDGE