[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTIONFOR CONTINUANCE,
CT Page 6608
In this case the defendant claims that service upon her was improper. The defendant then filed a motion to dismiss based on lack of jurisdiction over the person (PB § 143(2). The plaintiff served interrogatories and requests for production on the defendant, seeking information relative to the allegations made in the motion to dismiss. The defendant objects to the discovery request asserting she should not have to respond until the motion to dismiss is resolved.
There is no claim here nor can there be that the plaintiff would not have a right to an evidentiary hearing on the motion to dismiss. Neither is there any language in our rules of discovery PB § 216 et seq which would specifically bar discovery in this situation.
The defendant bases her argument on the language inBroderick v. Jasckman, 167 Conn. 96, 99 (1974) to the effect that "an action is commenced not when the writ is returned but when it is served upon the defendant." The commentary to PB § 218 states at Section 3 that "the discovery rules still only apply to existing litigation. If discovery must be had before a lawsuit is commenced the ancient bill in equity (bill of discovery) is still viable."
The bill in equity appears to be used in situations where there is in fact an action pending but a party in the case brings an independent action called a bill in equity to seek discovery that may be useful in prosecuting or defending the prior pending action, Pottetti v. Clifford, 146 Conn. 252,254 (1959) where ordinary discovery is not available. Also Bills in equity were used against non-parties before modern rules of discovery were passed permitting such discovery and in cases which are not "civil actions" such a procedure could be used since discovery may not be permissible under PB § 217 — probate cases may be one example. The procedure has been used when there is no suit pending, before any action is brought. In Muti v. New Haven, 24 Conn. Sup. 452 (1963) where an injured party wanted to sue the city and firefighters for negligence causing her to fall but she did not know the names of the personnel on duty, Muti allowed a bill in equity against the fire chief and two police officers who it was claimed knew the identity of the individuals claimed to be involved. See generally, Conn. Civil Procedure, Vol. I, CT Page 6609 Stephenson, § 143 pp. 599 et seq.
The bill in equity was narrowly construed and the plaintiff does not claim to be seeking the discovery through such a device but by means of our ordinary rules of discovery.
The defendant's argument resisting discovery turns on a conclusory turn of phrase. She says discovery is not permitted until an action is commenced, an action is commenced when the writ is served — so far so good. But she then asserts something that is not quite so obvious — because service was improperly made no action has been commenced. Improper personal service does not deprive a court of jurisdiction and can be waived (PB § 144). The action is voidable not void ab initio so it has properly been commenced.
Apart from these technical considerations, it just makes sense to allow discovery here especially since where § 217 does not explicitly forbid it. If a party resisting a motion to dismiss is entitled to an evidentiary hearing why shouldn't it be entitled to prepare for it — that is what discovery is for. Rule 6 says our discovery rules should be liberally interpreted to advance justice. Allowing discovery in these circumstances seems to be a fair interpretation of PB § 217.
Besides when in personam jurisdiction is attacked by defendants brought into our courts under the long arm statute, discovery is permitted before a hearing on the motion to dismiss is held. In fact, it is required. Standard TallowCorporation v Jowdry, 190 Conn. 48, 55 (1983). The defendant makes no real attempt to distinguish the present case fromStandard Tallow except to say that case involved long arm jurisdiction, this does not. That will not do. In the long arm cases a defendant has a due process right to move to dismiss and prepare through discovery for a hearing on the motion to dismiss when it is brought in our state under the so-called long arm statute. A plaintiff should also have a right to prepare for the evidentiary hearing it is entitled to have before its case is thrown out of court.
If there's any claim that discovery's being used to If there is any claim that discovery is being used to harass or delay that can be dealt with through protective orders and objections to particular interrogatories. But the fact that such a possibility exists is no reason to bar all CT Page 6610 discovery.
The defendant's motion is denied.
Corradino, J.