[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTIONS BY DEFENDANT LYTTLETON BALDWIN TO DISMISS AND TOCONSOLIDATE
Plaintiffs have brought this action against the Defendant Lyttleton Baldwin and others for personal injuries resulting from an automobile accident on September 2, 1993, allegedly caused by the negligence or recklessness of the Defendants. The allegations against the Defendant Baldwin are set forth in the First and Second Counts of the Complaint. Process was made returnable on September 19, 1995, service having been made on the Defendant Baldwin by service upon the Commissioner of Motor Vehicles on August 18, 1995.
A motion to dismiss has been filed on behalf of the Defendant Baldwin asserting insufficiency of process and lack of subject CT Page 13126 matter and personal jurisdiction, because at the time this action was commenced the Defendant Baldwin was deceased. Annexed to the motion and accompanying supporting memorandum is a copy of the Certificate of Death indicating that Baldwin died at Bloomfield, Connecticut on January 27, 1994. The Plaintiff does not dispute this fact.
Plaintiffs assert that the Court does have subject matter jurisdiction, citing General Statutes §§ 51-164s and 52-572h. Plaintiffs further assert that the Defendant has waived objection to personal jurisdiction because the motion to dismiss was not filed within the 30-day time limit of Practice Book § 142, notwithstanding that within that time period the Defendant filed and had granted a motion for extension of time to plead.
A motion to dismiss properly attacks the jurisdiction of the court where the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). Facts outside of the record may be introduced. Bradley's Appeal from Probate,19 Conn. App. 456, 462 (1989). Here, the parties agree that the Defendant Baldwin deceased prior to the institution of this action.
No service in person or by abode was made on the Defendant Baldwin, as none could be since he had previously deceased. Instead, substituted service was made on the Commissioner of Motor Vehicles. However, that service was ineffective, as appointment of the Commissioner as attorney for service was revoked by Baldwin's death. Brogan v. Macklin, 126 Conn. 92,94-95 (1939).
The court has no jurisdiction over a lawsuit by or against a decedent. O'Leary v. Waterbury Title Co., 117 Conn. 39 (1933).
 A judgment in an action begun and prosecuted against a defendant who is dead when it was begun, is null and void and may be attacked collaterally as well as directly.
Id., 47.
The motion to dismiss is granted. Accordingly, Defendant's motion to consolidate is moot. CT Page 13127
DAVID L. FINEBERG JUDGE, SUPERIOR COURT