[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a foreclosure action brought by the plaintiff, Federal National Mortgage Association, against the defendants, Anne and Gary Costa. Before the court is the defendant's motion to dismiss. A chronological summary of the factual and procedural history of this case follows. CT Page 4225-T
On October 10, 1995, the plaintiff filed a single count foreclosure complaint which contains the following allegations concerning the commercial arrangements between the parties. On October 26, 1988, Gary and Anne Costa executed a promissory note in favor of Centerbank in the amount of $56,000. In order to secure this note, Gary and Anne Costa contemporaneously executed an open-end mortgage on the subject property, a single family home located in Waterbury, Connecticut. The note and mortgage were assigned to the plaintiff on October 21, 1991. The complaint alleges that there have been no payments of interest or principal on the debt since April 1, 1995, and that it has exercised its option to declare the entire balance due and payable. The plaintiff seeks the following relief: (1) a foreclosure of the mortgage, (2) immediate possession of the premises, (3) a deficiency judgment against anyone personally obligated to repay the loan, (4) the appointment of a receiver of rents, (5) damages, late charges and costs of collection, and (6) attorney's fees.
On January 10, 1996, the court, Vertefeuille, J., entered a judgment of strict foreclosure. Pursuant to the terms of this judgment, title was to vest in the plaintiff on February 6, 1996 provided that no prior redemption of the property occurred. On March 4, 1996, the defendant filed a motion entitled "Motion to Dismiss And Arrest Judgment". On March 14, 1996, the defendant filed a supporting memorandum. The plaintiff filed an objection accompanied by a supporting memorandum on March 14, 1996. Thereafter, the plaintiff filed a supplemental memorandum in opposition on March 22, 1996. Oral argument was heard before the court, Kulawiz, J., at short calendar on March 29, 1996.
"`[I]f the court which rendered judgment had both personal and subject matter jurisdiction, and rendered a judgment within its jurisdictional limits, that judgment is valid and cannot be collaterally attacked.'" 129 Main Street Partnership v. Tunsky,
Superior Court, judicial district of Litchfield, Docket No. 52059 (March 18, 1992, Pickett, J., 7 CSCR 445) (citing Moreyv. Hoyt, 62 Conn. 663-55, 26 A. 127 (1893). "It is axiomatic that the Superior Court has jurisdiction over actions to foreclose mortgages on real property situated in Connecticut."Citibank v. Bolona, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 10 59 40 (September 20, 1990, Cioffi, J.). CT Page 4225-U
In the present case, it is undisputed that Gary Costa ("the decedent") died on May 5, 1993. The plaintiff, however, has mistakenly included the names of both joint tenants in the writ and summons. As such, the judgment of strict foreclosure also contains the names of both defendants. The defendant argues that this error serves to deprive this court of jurisdiction over this matter and to invalidate the judgment of strict foreclosure. In support of this argument, the defendant citesO'Leary v. Waterbury Title Co., 117 Conn. 39, 166 A. 673 (1933), for the proposition that "[a] judgment in an action begun and prosecuted against a defendant who is dead when it was begun, is null and void and may be attacked collaterally as well as directly." Id., 43. The defendant further argues that neither the heirs of the decedent nor his estate were named as parties to the action, and that their exclusion deprives this court of jurisdiction in this matter. This line of reasoning fails to withstand serious scrutiny for the following reasons.
First, the defendant seeks to characterize the instant action as merely a suit and a judgment against the decedent. This argument ignores the joint nature of both the mortgage obligation and the ownership of the subject property. It is undisputed that the defendants held the subject property as a joint tenancy with right of survivorship under the provisions of § 47-14a of the Connecticut General Statutes[1]. Thus, upon the death of the decedent, title to this property vested in the defendant. Likewise, by operation of § 47-14e[2], the mortgage is valid as against the defendant by virtue of the death of her husband. These facts demonstrate that the defendant has succeeded to the obligations which are the subject of the present action. Neither the decedent nor his estate have any interest in this action or are proper parties to this suit; instead, the defendant is presently the sole party against whom the plaintiff may proceed. Therefore, the plaintiff's attempt to serve the decedent in no way affects the validity of the judgment as against the surviving joint tenant.
Second, the defendant has been properly served with process in her own right, thereby subjecting her to the jurisdiction of this court. Section 52-57 of the General Statutes entitled "Manner of service upon individuals, . . ." provides in relevant part: (a) Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the . . . complaint, with the defendant, or at his usual place of abode, in this state." The purpose of abode CT Page 4225-V service is to ensure actual notice to the defendant that the action is pending. Smith v. Smith, 150 Conn. 15, 20,183 A.2d 848 (1962). The improper inclusion of the decedent's name upon the complaint and summons in no way frustrates this purpose. The defendant, nonetheless, has been made aware of the pendency of this action and is subject to the jurisdiction of this court.
Connecticut courts have traditionally refrained from interpreting rules and statutes in so strict a manner as to deny a litigant the pursuit of its complaint for mere circumstantial defects. Hartford National Bank Trust Co. v. Tucker,178 Conn. 472, 477-78, 423 A.2d 141 (1979), cert. denied, 445 U.S. 904,100 S.Ct. 1079.
The inclusion of the decedent in the writ, summons and judgment of strict foreclosure is not harmful. It can hardly be said that the inclusion of an extraneous defendant rises to the level of a substantive defect where the other named defendant is liable for the entire amount in dispute.
Finally, traditional notions of fairness counsel strongly against the defendant's position on this issue. It is readily apparent that the defendant never notified the plaintiff, either actually or constructively, of the death of her husband. Moreover, the plaintiff has submitted that a notice of death did not appear in the chain of title of the subject property. Thus, the plaintiff was unaware that the decedent was no longer a proper party to this suit and proceeded accordingly to enforce its legal rights. Given the fact that the defendant has failed to demonstrate that she has been prejudiced in any way, defendant should not now be allowed to take advantage of the fact that the plaintiff was unaware of the death of her husband. At all times, the defendant was aware of both the nature of the proceeding and her potential liability on the note and mortgage. It would serve no logical end to punish the plaintiff under these circumstances by arresting the judgment and dismissing this case.
The defendant has failed to demonstrate that this court is without jurisdiction over the present matter because of the plaintiff's attempt to serve the decedent. Moreover, the defendant has been properly served in her own right. For all of these reasons, the defendant's motion to dismiss and arrest judgment is denied. CT Page 4225-W
KULAWIZ, J.