[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #101 RE: MOTIONTO SUBSTITUTE PARTY DEFENDANT #104
On August 16, 1993, the plaintiffs, Adam Williams and Gloria Inzitari were involved in a motor vehicle accident with the defendant, Jane Marcher. The plaintiffs commenced an action against the defendant which was then nonsuited on October 7, 1996.
On or about August 16, 1997, the plaintiffs sought, under General Statutes § 52-592, to reinstate the action. Service was attempted by leaving a summons at the defendant's last known address as well as by serving the Commissioner of Motor Vehicles pursuant to General Statutes § 52-63. Unbeknownst to the plaintiffs, the defendant had died on February 6, 1997. An administrator for defendant's estate was appointed on March 4, 1997.
The defendant has filed a motion to dismiss for lack of proper service and lack of subject matter jurisdiction which is now before the court along with the plaintiffs' objection to the motion to dismiss. Simultaneously, the plaintiffs filed motions to substitute the named defendant and to amend the return date. The motions were argued at short calendar on November 17, 1997.
"A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." HerzogFoundation, Inc. v. University of Bridgeport, 41 Conn. App. 790,793, 677 A.2d 1378, cert. granted on other grounds,239 Conn. 907, 682 A.2d 998 (1996). "A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . Motions to dismiss are granted solely on jurisdictional grounds." (Citations omitted.) Malasky v. Metal Products Corp.,44 Conn. App. 446, 689 A.2d 1145 (1997). "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before CT Page 971 it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction. . . . The point has been frequently made." (Citations omitted; internal quotation marks omitted.) Federal Deposit Ins. Corp. v. Peabody, N.E.,Inc., 239 Conn. 93, 680 A.2d 1321 (1996).
I. Whether the Commissioner of Motor Vehicles can properly servea deceased party.
General Statutes § 52-63[1] provides an alternate means of process on an allegedly negligent driver if it is not possible to make service of process at the operator's last known address on file in the Department of Motor Vehicles, and if the operator has caused injury to the person or property of another. The plaintiffs rely on this statute in arguing that service upon the defendant was proper. The defendant contends that service by the Commissioner of Motor Vehicles upon a deceased individual does not render the service proper.
It appears obvious to the court that the Commissioner cannot serve a deceased defendant under General Statutes § 52-63. In Mendoza v. Luzunsky, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 116137, 10 CONN. L. RPTR. 394 (November 17, 1993) (McDonald, J.), the court addressed a similar case and decided that death terminated a resident operator's appointment of the Commissioner of Motor Vehicles for Service. The Mendoza court based its decision on the fact that while the legislature changed General Statutes § 52-62 to specifically provide for process upon a deceased non-resident, the legislature did not choose to address a deceased resident under General Statutes § 52-63.
II. Whether the plaintiffs can now substitute a party for thedefendant when the named defendant was never served because ofhis prior death.
The plaintiffs now argue that they have an absolute right under General Statutes § 52-599[2] to substitute the party defendant. The plaintiffs claim that their motion to substitute has been made, per statute, within one year of receiving notice of the defendant's death and thus must be granted by the court. Furthermore, the plaintiffs argue that the motion to substitute the defendant defeats the defendant's motion to dismiss as a motion to dismiss cannot be brought to contest a wrong named party. See Scacco v. P.R. Scott Company, Superior Court, CT Page 972 judicial district of Waterbury, Docket No. 131648 (November 26, 1996) (Pellegrino, J.) (cited by the plaintiffs in their motion to substitute).
The defendant argues that the lack of service is a fatal flaw. Accordingly the defendant argues that the court cannot cure the defect by substituting the defendant's estate for the defendant when the named defendant was never properly served.
The court has no jurisdiction over a lawsuit by or against a decedent. O'Leary v. Waterbury Title Co., 117 Conn. 39, 47,166 A. 673 (1933). Courts have used this well-settled principle in finding that actions "prosecuted against . . . defendant[s] who [are] dead when [the action] was begun, [are] null and void and may be attacked collaterally as well as directly."Castelhano v. Baldwin, supra, Superior Court Docket No. 469194. Furthermore, General Statutes § 52-599 does not operate to save such an action as that statute applies when a party dies during the suit and not when a party has died before the institution of the suit. Brown v. Novick, Superior Court, judicial district of Stamford at Stamford, Docket No. 150483, 17 CONN. L. RPTR. 564 (October 8, 1996) (Ryan, J.) (complaint to be dismissed for lack of jurisdiction: complaint not saved by § 52-599 (b)).
Therefore, plaintiff's Motion to Substitute Party Defendant is denied.
III. Whether more than one action can be brought within thespecified time limit of the accidental failure of suit statute.
General Statutes § 52-592 specifically states that any action that has "failed one or more times to-be tried on its merits" may be saved by the filing of a new action if brought within one year after the termination of the original action. A six month time extension is allowed in the event the original action has been brought or is being continued against the administrator or executor following the defendant's death. General Statutes § 52-592 (b). It is essential that any actions under the accidental failure of suit statute be brought within the time limit specified. Pintaville v. Valknanos,216 Conn. 412, 415, 581 A.2d 1050 (1990) (original action is the first action brought within the statute of limitations).
The courts have interpreted "failed one or more times" in a literal fashion. In Rogozinski v. American Food ServiceCT Page 973Equipment, 34 Conn. App. 732, 643 A.2d 300, cert. denied,231 Conn. 910, 648 A.2d 156 (1994), the court affirmed the judgment of the trial court in finding that the fourth action brought by the plaintiff was outside of the extension contemplated by § 52-592. In that case, the fourth action was brought more than two years after the dismissal of the first. Id., 739. The third action, brought within an year of the termination of the first action, was apparently within the scope of the statute.
The court concludes that the accidental failure of suit statute is inapplicable in the present case where suit was instituted against a deceased defendant. The accident at the heart of the plaintiffs' action occurred on August 16, 1993. The first action was nonsuited by the court on October 7, 1996. At that time, the accidental failure of suit statute afforded the plaintiffs an additional year to save the suit. The plaintiffs' attempt to serve the defendant in August of 1997 was within the time limit allowed by § 52-592.
However, plaintiff cannot now proceed with the instant case as it lacks a party for whom substitution may be made. Furthermore, it would appear to the court that any further attempt to utilize § 52-592 would be made more than one year following the "accidental failure", that is, the nonsuit of October 7, 1996.
Therefore, defendant's motion to dismiss is granted and the plaintiffs' motion to substitute a party defendant is denied.
SKOLNICK, J.