[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS (DOCKET ENTRY NO. 107)
CT Page 11082
The defendant, Susan Kapral, has moved to dismiss the complaint of the plaintiff, Frank Maldonado, PPA Elizabeth Maldonado, on the ground that the court does not have subject matter jurisdiction over a case where an action was brought against a deceased individual.
A review of the file indicates the following. The defendant died on March 5, 1997. (Motion to Dismiss, Certificate of Death.) The plaintiff attempted to serve the defendant on September 29, 1997. (Sheriff's Return.) The summons and complaint was filed with the court on October 16, 1997.
The court has no jurisdiction over a lawsuit by or against a decedent. O'Leary v. Waterbury Title Co., 117 Conn. 39, 47,166 A. 673 (1933). Courts have used this well-settled principle in finding that an action "prosecuted against a defendant who is dead when it was begun, is null and void and may be attacked collaterally as well as directly." Castelhano v. Baldwin, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 469194 (November 24, 1995, Fineberg, J.). Furthermore, General Statutes § 52-599[1] does not operate to save such an action as that statute applies when a party dies during the suit and not when a party died before the institution of the suit. Williams v. Marcher, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 346212 (January 26, 1998, Skolnick, J.); Brown v. Novick, Superior Court, judicial district of Stamford at Stamford, Docket No. 150483 (October 8, 1996, Ryan, J.).
Therefore, the motion to dismiss is granted.
SKOLNICK, J.