RAYMOND JOYNER *v.* ROBERT HMURCIK ET AL.

Superior Court          Judicial District of          File No. CV980350426S
                        Fairfield at Bridgeport

Memorandum filed October 19, 1999

*Gaston & Ruane*, for the plaintiff.

*Sizemore Law Offices*, for the defendants.

SKOLNICK, J. The plaintiff, Raymond Joyner, filed this action on February 3, 1998, against the named defendant, Robert Hmurcik, alleging that on January 11, 1996, Hmurcik, while driving a cab owned by the defendant Speedy Cab Company (Speedy), failed to stop at a stop sign because of icy driving conditions, striking Joyner's vehicle on the driver's side. Joyner attempted to serve Hmurcik, but was unable to locate him. Service was made to the commissioner of motor vehicles (commissioner) consistent with General Statutes § 52-63, which allows service upon a motor vehicle operator not found at his recorded address. Unknown to Joyner, however, Hmurcik died on July 31, 1996. After receiving a default judgment on May 26, 1998, Joyner moved to cite in Speedy, which motion was granted by the court on December 23, 1998.

Speedy now moves the court to dismiss the action for lack of personal and subject matter jurisdiction over the defendants. Speedy argues that this action should be dismissed because Hmurcik was deceased at the time the commissioner was served. Citing *Nobel* v. *Corkin*, 45 Conn. Sup. 330, 333, 717 A.2d 301 (1998) (*Blue, J.*), Speedy asserts that: "[A] dead person is a nonexistent entity and cannot be a party to a suit," and, therefore, the action was null and void from its inception. (Internal quotation marks omitted.) That being the case, Speedy concludes that the court never obtained subject

matter jurisdiction over the action and had no power to entertain and grant Joyner's motion to cite Speedy into the action. For these reasons, Speedy claims that the court must dismiss the present case.

"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person . . . ." Practice Book § 10-31 (a); see also *Sadloski* v. *Manchester*, 235 Conn. 637, 645–46 n.13, 668 A.2d 1314 (1995). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) *Gurliacci* v. *Mayer*, 218 Conn. 531, 544, 590 A.2d 914 (1991). "When a [trial] court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) *Antinerella* v. *Rioux*, 229 Conn. 479, 489, 642 A.2d 699 (1994). Moreover, "[a] motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Internal quotation marks omitted.) *Malasky* v. *Metal Products Corp.*, 44 Conn. App. 446, 451–52, 689 A.2d 1145, cert. denied, 241 Conn. 906, 695 A.2d 539 (1997).

Section 52-63 (a) provides that "[a]ny operator or owner of a motor vehicle at the time of issuance of his license or registration shall be deemed to have appointed the Commissioner of Motor Vehicles as his attorney and to have agreed that any process in any civil action against him on account of any claim for damages resulting from his alleged negligence or the alleged negligence of his servant or agent in the operation of any motor vehicle in this state may be served upon the commissioner as provided in this section and shall have the same validity as if served upon the owner

or operator personally, even though the person sought to be served has left the state prior to commencement of the action or his present whereabouts is unknown." Although the legislature has expressly allowed substituted service upon the commissioner for resident motor vehicle operators whose whereabouts are unknown, the provisions of § 52-63 are revoked upon the death of the resident motor vehicle operator. See *Williams* v. *Marcher*, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV970346212 (January 29, 1998) (21 Conn. L. Rptr. 303, 304–305) (*Skolnick, J.*); see also *Castelhano* v. *Baldwin*, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. CV950469194S (November 24, 1995) (*Fineberg, J.*) (dismissing action where resident operator was deceased at time substituted service was made upon commissioner); *Mendoza* v. *Luzusky*, Superior Court, judicial district of Waterbury, Docket No. 116137 (November 17, 1993) (10 Conn. L. Rptr. 394) (8 C.S.C.R. 1270) (*McDonald, J.*) (dismissing action where resident operator was deceased at time substituted service was made upon commissioner and relative of decedent). "A judgment in an action begun and prosecuted against a defendant who is dead when it was begun, is null and void and may be attacked collaterally as well as directly." *O'Leary* v. *Waterbury Title Co.*, 117 Conn. 39, 47, 166 A. 673 (1933); *Noble* v. *Corkin,* supra, 45 Conn. Sup. 333. "Such proceedings are void ab initio and do not invoke the jurisdiction of the trial court." (Internal quotation marks omitted.) *Noble* v. *Corkin,* supra, 333. "It is well established that a court is without power to render a judgment if it lacks jurisdiction and that everything done under the judicial process of courts not having jurisdiction, is, ipso facto, void." (Internal quotation marks omitted.) *Koennicke* v. *Maiorano,* 43 Conn. App. 1, 25, 682 A.2d 1046 (1996). Thus, "[a] court

is without power to render a judgment if it lacks jurisdiction of the parties or of the subject-matter, one or both." (Internal quotation marks omitted.) Id., 25–26.

Joyner cites *Aetna Ambulance, Inc.* v. *Professional Ambulance Service, Inc.*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV940541908S (June 1, 1995) (14 Conn. L. Rptr. 522) (*Corradino, J.*), for the proposition that improper service is voidable, not void ab initio. That case, however, is distinguishable from the present action. In *Aetna Ambulance, Inc.*, the plaintiff was served, but the service was improper. Id., 523. The problem was purely technical and, thus, the court could sustain the action as voidable and not void ab initio. Id. In the present action, Hmurcik could never be served and any authority to serve the commissioner was revoked upon Hmurcik's death. See *Williams* v. *Marcher*, supra, 21 Conn. L. Rptr. 304.

Since the court could not obtain personal jurisdiction over the decedent, Hmurcik, when the commissioner was served, the court lacked power to grant Joyner's motion to cite in Speedy. Accordingly, Speedy's motion to dismiss is granted for lack of personal and subject matter jurisdiction.