[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
On June 19, 2001, the plaintiff, Carlos Avila, filed a complaint against the defendant, Joseph Eannuzzi. The plaintiff alleged that the defendant operated his motor vehicle negligently and recklessly, resulting in a collision that occurred on or about June 4, 1998, in which the-plaintiff was injured. The sheriff's return indicates that he made service upon the defendant on June 3, 2000, by leaving the writ, summons, and complaint at the defendant's usual place of abode. On November 13, 2000, the attorney for the defendant filed a motion to dismiss, on the ground that the court lacks subject matter and personal jurisdiction, because the defendant died on July 6, 1999, prior to the commencement of this suit.[1] On January 25, 2001, the plaintiff filed CT Page 17196 an objection to the motion arguing that the court has jurisdiction because the plaintiff had already filed, on December 5, 2000, a motion to substitute the executor of the defendant's will for the deceased defendant.
"It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court. . . . Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction. . . . The point has been frequently made." (Citations omitted; internal quotation marks omitted.)Federal Deposit Ins. Corp. v. Peabody. N.E., Inc., 239 Conn. 93, 99
(1996).
The plaintiff argues that since the defendant was deceased at the time of the attempted service of process, the court has neither subject matter nor personal jurisdiction. "A judgment in an action begun and prosecuted against a defendant who is dead when it was begun, is null and void and may be attacked collaterally as well as directly." O'Leary v. WaterburyTitle Co., 117 Conn. 39, 47 (1933). "[A] dead person is a nonexistent entity and cannot be a party to a suit. Therefore, proceedings instituted against an individual who is deceased at the time of the filing of suit are a nullity. Such proceedings are void ab initio and do not invoke the jurisdiction of the trial court." (Internal quotation marks omitted.)Noble v. Corkin, 45 Conn. Sup. 330, 333 (1998).
Where a court devoid of jurisdiction over the case, the court "cannot make a decision in favor of either party. It can only dismiss the case for want of jurisdiction." (Internal quotation marks omitted.) Marshallv. Clark, 170 Conn. 199, 205 (1976); Koennicke v. Maiorano,43 Conn. App. 1, 25 (1996). Accordingly, because the court decides that it does not have jurisdiction, it also lacks power to grant the plaintiff's motion to substitute or to cite in the decedent's executor.Deangelis v. Winiarski, Superior Court, judicial district of New Britain at New Britain, Docket No. 502458 (May 7, 2001, Graham, J.) (29 Conn. L. Rptr. 555, 555); Joyner v. Hmurcik, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 350426 (October 19, 1999, Skolnick, J.) (25 Conn. L. Rptr. 560, 561).[2]
For the foregoing reasons, the Motion to Dismiss is granted.
RUSH, J.