[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #106 OBJECTION TO MOTION FOR JUDGEMENT OF STRICT FORECLOSURE AND ENTITLEMENT TO POSSESSION
The plaintiff by way of a complaint dated March 30, 2001, brought an action against the defendants Lore A. Saturno and Loreal Property Management, LLC. Service was made upon both defendants on April 10, 2001. The Sheriffs Return on the defendant Saturno provides that service was made at her usual place of abode.
Plaintiff alleges that on December 20, 1995, Lore A. Saturno owed Society Financial Corporation two hundred thousand dollars ($200,000.00). Plaintiff further alleges that on the aforementioned date the defendant Saturno mortgaged to the Society Financial Corporation a property known as 47 Lindale Street, Stamford Connecticut to secure the note. The Lindale Street property is the property that is the subject of this foreclosure action.
Subsequently to mortgaging of the property, Society Financial Corporation assigned the aforementioned note and mortgage to Empire Mortgage Limited Partnership. Thereafter said note and mortgage were assigned to the plaintiff.[1]
Plaintiff alleges that the note and mortgage are now in default by virtue of nonpayment of a final balloon payment that became due in accordance with the terms of the note.
Paragraph nine of the complaint provides that:
 Upon information and belief, the Defendant, Lore A. Saturno is the owner of record and in possession of said premises.
On June 8, 2001, the plaintiff filed a "Motion for Judgment of Strict Foreclosure and Finding of Entitlement to Possession." CT Page 2554-h
On August 14, 2001, the defendant Loreal Property Management, LLC filed an "Objection to Motion for Judgment of Strict Foreclosure and Entitlement to Possession." Said motion provides in pertinent part that:
 At the time of the commencement of this action Lore Saturno was dead, late of Stamford Connecticut and an Administrator of her Estate had been appointed November 20, 2000 by the Stamford Probate Court: namely her widower Alfred J. Saturno.
The defendant Loreal asserts that in light of the fact that the defendant Saturno was deceased before the commencement of this action, this court "is without power to render a judgment in this matter."
It is well sealed law in this state that an action commenced against a person who is deceased is null and void for reason of lack of subject matter jurisdiction.
 A judgment in an action begun and prosecuted against a defendant who is dead when it was begun, is null and void and may be attacked collaterally as well as directly.
O'leary v. Waterbury Title Co., 117 Conn. 39, 47 (1933).
 "[A] dead person is a non-existent entity and cannot be a party to a lawsuit," and therefore, the action was null and void from its inception.
 Joyner v. Hmurcik, No. CV98 035 04 26 (Oct. 19, 1999), 1999 Ct. Sup. 13848, 13849 (Skolnick, J).
The moving party merely asserts in its motion that the defendant Lore Saturno is deceased. It does not provide any affidavits, certified death certificate or other probative evidence that the defendant is deceased and was deceased at the commencement of this action. Without such evidence the court cannot reach the conclusion that the defendant asserts, i.e., that the defendant is deceased and therefore the Court does not have subject matter jurisdiction. CT Page 2554-i
For the foregoing reasons, the objection to motion for judgement of strict foreclosure and entitlement to possession is overruled.
Richard A. Robinson, J February 28, 2002