LUCAS ELMENDORF and ANNE his wife,

v.

ANNE DELANCEY and others.

A bill must state clearly, the persons who are made defendants; either by praying process against them, or by a distinct allegation designating the persons impleaded, as defendants.

THE bill stated a long narration of facts, from which it deduced to the complainants, a title to lands; and sought a discovery of certain matters, which the complainants were not able to prove, at law. In the deduction of title, in stating the discovery sought, and in other parts of the bill, the names of many persons were introduced; some of these persons were particularly named in the charge of confederacy; and some of the inquiries of the complainants were confined to certain of the persons who had been previously named : but the bill did not contain any prayer for process, nor did it distinctly designate as defendants, any of the numerous persons named in it.

*1825.*
*17th September.*

*Bill.*
*Parties.*

Four of the persons thus named, appeared and demurred to the bill. Several special causes of demurrer were assigned; and one was, that though the bill had named divers persons, it had not prayed process against any of them; and that the complainants had not named any persons, as defendants.

The cause was now argued by Mr. ELMENDORF complainant in person, and Mr. BLEECKER for the defendants.

THE CHANCELLOR. The technical rule is, that the prayer for process of subpena, selects and designates from all the persons named in the bill, those who are made defendants. " The plaintiff may complain and tell stories of whom he " pleases ; but they only are defendants, against whom pro- " cess is prayed." Lord Chancellor Parker, in the case of Fawkes against Pratt, 1 P. Wms. 592. This bill has no prayer for process ; and according to the strictness of English forms, it would be bad, for that reason. As the writ of subpena is here issued of course, a formal prayer in the bill, can not be necessary, to entitle the complainant to that process. But it is necessary, that every bill should clearly display the persons who are impleaded, as defendants : and this

bill does not allege or state, which of the persons named in it are intended by the complainants to be made defendants in the suit.

Parties are the essence of every suit ; and it is essential, that the parties complainant and defendant, should be clearly presented, as such.    " Ut actor sit qui agit, et reus qui convenitur, est in omni judicio necessarium, ut alter actoris, alter rei locum teneat." Huber. Praelect. 706. When it is uncertain, who are complainants, or who are the persons called to answer, the suit is fundamentally defective : and if the parties are not clearly designated, it is the fault of him who institutes the suit.

It is essential, that the defendants should be clearly designated, as such ; but it can not be material, whether they are designated by praying process against them, in the form of courts of equity, or by a positive allegation that they are impleaded as defendants, according to the forms of courts of law.

In this case, the persons intended to be made defendants, are not designated as such, either by a prayer of process against them, or by any statement that they are the defendants who are impleaded as such, in the suit.   This is a defect not of form, but of substance ; it is fatal ; and the demurrer is allowed.

The complainants however, had leave to amend their bill, on the usual terms.