KENTUCKY MARINE & FIRE INS. CO. v. NASHVILLE & C. R. CO. See Case No. 5,940.

## Case No. 7,719.

KENTUCKY SILVER MIN. CO. v. DAY et al.

[2 Sawy. 468;[1] 6 Chi. Leg. News, 134.]

Circuit Court, D. Nevada. Nov. 1, 1873.

PARTIES—SUBPOENA—SERVICE OF — APPEARANCE.

1. Persons cannot be made parties to a bill in equity in the United States courts by designating them by a fictitious name in the introductory part of the bill, and in the prayer for process.

2. A service of subpoena upon persons so designated is void, and will be set aside.

[Cited in Romaine v. Union Ins. Co., 28 Fed. 636.]

3. An appearance does not cure such defects in the writ and its service, or make such persons parties on the record.

[Cited in Romaine v. Union Ins. Co., 28 Fed. 638.]

In equity.

R. S. Mesick and Jonas Seeley, for plaintiff.
J. B. Felton and James H. Hardy, for defendants.

HILLYER, District Judge. This is a motion on behalf of one hundred and forty-seven persons to set aside and quash the subpoena and the service upon them. It is grounded upon the failure of the plaintiff to set out their names, as defendants, in the introductory part of the bill and in the prayer for process. They claim that, not being named in the bill, they are not parties to the suit, and that therefore the service of process of subpoena upon them is a nullity.

In the introductory part of the bill, plaintiff states that it brings its bill "against H. H. Day, Thomas J. Andrews, W. H. Clark and one hundred and fifty other persons of whose names complainant is ignorant, and who are designated each by the name of John Doe, and whose true names, when discovered,

1 [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

complainant asks leave to insert herein with apt words, to charge them as defendants, all of whom are residents of Pioche, in the county of Lincoln, in the state of Nevada; and thereupon your orator complains and says that complainant is a citizen of the state of California, and that each and all of the defendants are citizens of the state of Nevada."

In the prayer for process a subpoena is prayed for, to be "directed to H. H. Day, Thomas J. Andrews, W. H. Clark and the one hundred and fifty other persons. of whose names complainant is ignorant, who are designated herein, each, by the name of John Doe." The subpoena stated the names of the defendants in like manner.

In support of the motion an affidavit is filed, showing that these persons, at the time they were served, had been for months residing in Pioche, and that their true names could have been easily discovered by inquiry in the town or at the Raymond & Ely Mine; that the true names of many of them were actually known to plaintiff, and to J. B. E. Cavallier, its superintendent, and to W. S. Mesick, one of its trustees, and that, specially, M. Fuller, W. H. Raymond and John P. Kelley were so known before the filing of the bill.

The question presented is, whether upon this state of the case the service of the subpoena upon these persons is valid, and brings them, legally, within the jurisdiction of this court. And this involves the inquiry, whether these persons served are "named" in the bill, or by its averments so designated, as defendants, that they are to be considered parties to this suit. There can be no suit without parties, and it is essential that the bill should point out with certainty who the parties plaintiff and defendant are. "When it is uncertain who are complainants, or who are the persons called to answer, the suit is fundamentally defective; and it is the fault of him who institutes the suit." Elmendorf v. Delancey, 1 Hopk. Ch. 555. In the same case it was said: "It is necessary that every bill should clearly display the persons who are impleaded as defendants." If it does not, the defect is one of substance and is fatal.

The twentieth equity rule of this court requires that "every bill, in the introductory part thereof, shall contain the names, places of abode and citizenship of all parties plaintiffs and defendants by and against whom the bill is brought." Rule 23 requires that "the prayer for the process of subpoena in the bill shall contain the names of all the defendants named in the introductory part of the bill."

The language of these rules is plain, and unless we give to it some other than its ordinary meaning the names of the defendants must be stated in the bill; not some other description or designation of them, nor an excuse for not stating their names, but "the written letters or characters expressing the sounds by which each defendant is known and distinguished." It would be a perversion of the

language to give to the word, name, in these rules any other definition. To the argument for plaintiff that a baptismal name in only one way of designating a person as defendant, and that, by some other description, such as "the heir of A" or "the partner of B," he may be as clearly designated as by his name, there are two answers, one that neither in the introductory part of the bill nor in the prayer for process, is there any description whatever of the one hundred and fifty persons not named, or any designation of them except by the fictitious name, John Doe; the other, that such description is not naming a party within the meaning of the rule. It is essential that a writ of error should set out the names of all the parties to the judgment of the lower court, and such writs have been dismissed by the supreme court, because the names of the defendants were set out as "Strader, Pevine & Co." (Smyth v. Strader, 12 How. [53 U. S.] 327); because the citation was issued to one not a party, and the plaintiffs were described as "Davenport et al. heirs to John Davenport, deceased" (Davenport v. Fletcher, 16 How. [57 U. S.] 142); because the writ was brought in the name of "Mary Deneale and others" (Deneale v. Archer, 8 Pet. [33 U. S.] 526); and because the writ described the plaintiffs generally as 'the heirs of Nicholas Wilson." In this last case the motion was made after appearance, but the court held the defect to be a substantial one, and that the objection could be taken at any time before judgment, on the ground that the case was not legally before the court, and they had no jurisdiction to try it. Wilson's Heirs v. Life Ins. Co., 12 Pet. [37 U. S.] 140. See, also, The Spark v. Lee Choi Chum [Case No. 13,206]. If nothing more, these cases show that when it is necessary to set out the "names " in judicial proceedings, other descriptions and designations in lieu thereof will not do.

In addition to the positive rules of this court, there is, I think, the universal rule of courts of equity against the course pursued by plaintiff in this case. I think it may safely be said that in no book of acknowledged authority is there anything said from which it may be inferred that when proper parties are unknown they can be made parties by designating them in the bill by a fictitious name. I speak, of course, of the chancery practice unchanged by statute. But the books do show us how to proceed when proper parties are unknown. The difficulty is not overcome by making the unknown ones parties under a false name, but by dispensing with them altogether, if the suit can proceed without them, or by praying a discovery for the purpose of bringing them before the court. In these cases the bill alleges the fact of ignorance of the names, not as a ground for making the unknown persons parties by a fictitious name, but as an excuse for not making them parties at all, and that an objection for want of parties may not prevail. Story, Eq. Pl. § 92;

Fenn v. Craig, 3 Younge & C. Exch. 216; Bowyer v. Covert, 1 Vern. 95. So important is it that the defendants should be distinctly designated as such, that it is held that those only are defendants who are named in the prayer for process, notwithstanding they are named in the body of the bill. Windsor v. Windsor, 2 Dickens, 707; Fawkes v. Pratt, 1 P. Wms. 593; Story, Eq. Pl. § 44. The subpoena, which issues of course upon the filing of the bill, is directed to the defendants named in the prayer for process. A subpoena directed to "one hundred and fifty persons" without naming them, is directed to nobody. In one case cited by counsel for the moving parties, it appeared that an infant who had no name was a necessary party, and upon application to the vice chancellor he ordered that the infant should be described in the subpoena to appear and answer, as the "youngest female child" of her father and mother. Eley v. Broughton, 2 Sim. & S. 188. This case may be regarded as one of those exceptions which serve to prove the general rule, that the defendants must be described by name if they have a name.

And even when by statute the plaintiff is allowed, if ignorant of a defendant's name, to designate him in pleadings by any name until his true name is discovered, it is held that the "ignorance must be real and not feigned; it must not be wilful ignorance, or such as might be removed by mere inquiry or a resort to means of information easily accessible." Rosencrantz v. Rogers, 40 Cal. 489. In this case the plaintiff is able to state positively in its verified bill, the abode and citizenship of the unknown ones, and even the precise spot of ground upon which they were at work at the time of filing the bill. It is shown by affidavit, the truth of which has not been questioned, that these persons are well known in the town of Pioche, have resided there for months, and that their names could have been discovered by inquiry at the mine, of themselves and of the superintendent of the Raymond & Ely Company; also that some of these persons were in fact well known to Cavauier, the superintendent, and Mesick, one of the trustees of the plaintiff. One of the persons served, of whose name the bill alleges ignorance, is M. Fuller, the district judge of the seventh judicial district of this state.

It is apparent from these facts that there was no legal excuse for omitting the true names from this bill, even admitting that in a proper case fictitious names may be used. But I prefer to place the decision upon the broader ground, that, because these one hundred and forty-seven persons are not named in the introductory part of the bill, nor in the prayer for process, they are not parties to the suit; and for that reason, and because the subpoena is not directed to them, the subpoena and the service of it, so far as they are concerned, ought to be set aside.

But the plaintiff's counsel contends that all

these defects in the bill and subpoena have been-cured by an appearance. It would seem that before a person can be held to have appeared in an action, his name ought to be found somewhere in the record of that action. Until the present motion was made, the only defendants named in the record of this case were Day, Andrews and Clark, and it would also seem reasonable that, if the applications made to the judge at chambers, on behalf of defendants, amount to an appearance on the record, the appearance should be considered as made for those named in the record as defendants. For it has been held that one not named as a party defendant on the record cannot, without the consent of all the parties to the suit, be allowed to appear at the hearing to be heard, and submit to be bound by the decree. Attorney General v. Pearson, 7 Sim. 302. And if all parties consent, the record may be brought into court, and the name inserted in the record. Thus, a person interested in the question, who desires to be heard and submits to be bound by the decree, is not allowed to do so until he is named as a party on the record. 1 Daniell, Ch. Prac. 561.

It is true that a general appearance by a defendant is a waiver of all irregularities in the service of the subpoena. But the defects in this case are not mere irregularities in the service of the writ; they are such as preclude the possibility of any legal service of the subpoena upon those not named in the bill, and they are such as cannot be cured by appearance. Carey v. Hillhouse, 5 Ga. 251.

It follows that the service of subpoena in this case upon the one hundred and forty-seven persons named in this motion, is wholly defective and void, and accordingly it is ordered that it be set aside and the said persons discharged, with leave, however, to the plaintiff to amend its bill, by adding such new parties defendants as it shall be advised.