**UNITED STATES v. DOE et al.**

No. 5078.

District Court, E. D. New York.

Nov. 19, 1930.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (James T. Carroll and Francis F. Giles, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for the United States.

Joseph H. Wackerman, of Brooklyn, N. Y., for defendants.

BYERS, District Judge.

The complainant has filed its bill in equity under section 22, tit. 2, of the National Prohibition Act (27 USCA § 34); the defendants named being John Doe (the said name being fictitious, the true name of the defendant being unknown to the complainant) and Henri Charpentier.

In the first alleged cause of action, paragraph IV reads as follows:

"The complainant is informed and verily believes and therefore alleges on information and belief, that the defendant, 'John Doe,' is the occupant of the said premises;

"That the defendant, Henri Charpentier, is the owner of the said premises, or has or claims to have some interest in the title thereof."

Paragraph V alleges, in substance, that the said premises are now used and maintained as a place where intoxicating liquors are sold, bartered, and kept for sale.

Paragraph VI contains an allegation pointing to the necessity for an injunction.

The second cause of action alleges, in paragraph VIII, that the defendants have solicited and are now soliciting, taking, and accepting orders for the sale of, and are selling, intoxicating liquor on the premises in person.

Paragraph IX alleges the necessity for an injunction.

A motion to dismiss the action was made by Henri Charpentier and Camille Charpentier, "sued herein as 'John Doe,' the defendants in the above-entitled action, * * * " upon the grounds, first, that there is insufficiency of fact to constitute a valid cause of action in equity against the defendants, and, second, that there is a nonjoinder of an indispensable party, to wit, "John Doe," the occupant of the premises.

In other words, this is a defense "in point of law arising upon the face of the bill." Equity Rule 29 (28 USCA § 723).

Considering the objections in the inverse order in which they are stated, the alleged nonjoinder of parties seems to be fatal to the bill.

That the tenant or occupant of the premises against which an injunction is sought, to abate a nuisance, is an indispensable party, appears from the provisions of the statute itself, and has been so decided by the Circuit Court of Appeals in this circuit. See U. S. v. McCrory, 26 F.(2d) 189.

In that case, so much of a decree holding the premises a nuisance and ordering them closed was reversed for lack of jurisdiction over the owner, lessee, tenant, or occupant, who was never served with process nor appeared in the action. That bill alleged that McCrory and Reynolds were proprietors of the place of business where the violations were said to have occurred; Reynolds was the only defendant who was served or appeared, and the court finds there there was no sufficient proof that Reynolds was either owner or tenant.

The necessity for making the occupant a party to the proceeding is obvious, because presumably he is the one who is maintaining the nuisance, if one is being maintained. The occupant's rights, therefore, cannot be cut off by an injunction issued in a proceeding in which he is not a party.

This bill alleges that one John Doe is such occupant, but John Doe is not described in the bill by any language whatever which would tend to identify the person to whom this fictitious name is applied. How process herein could be served upon any person whomsoever, with the result that the legal occupant of the premises could be brought before the court, is neither indicated in the bill, nor discussed in the complainant's brief.

It may be that the government would occasionally be required to resort to discovery in order to bring the necessary parties into court, in such a proceeding as this, much as would any other litigant.

The case of Kentucky Silver Mining Co. v. Day, Fed. Cas. No. 7719, decided November 1, 1873, contains a full discussion of the futility of naming "John Doe" as a defendant in an equity case, when the person required can be ascertained with due diligence.

So much of the motion as is addressed to this aspect of the bill is sound and, upon this ground, the bill will be dismissed. This ren-

ders unnecessary a determination of the other objection above stated.

The bill will be dismissed, with costs.