[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed October 8, 1996
The plaintiff, Bettye Brown, filed a complaint against the defendant, Harry Novick, on February 20, 1996. The defendant filed a motion for summary judgment (#105) arguing that the suit cannot be maintained because the defendant was deceased when the suit was instituted. The defendant attached a certificate of death demonstrating that Harry Novick died on April 24, 1994, two months after the accident.
The plaintiff argues that the motion is a challenge to personal jurisdiction, which is properly challenged by a motion to dismiss. However, an appearance was filed on behalf of the defendant, and a motion to dismiss was not timely filed. Furthermore, General Statutes § 52-599 saves a right of action against the deceased, and permits the plaintiff one year to substitute the executor or administrator. The plaintiff states that she was not notified of the death of the decedent until March 19, 1996, however, it should be noted that the sheriff's return states that while he attempted to serve the defendant, he learned the defendant was deceased, and he made alternative forms of service.
It is found that the plaintiff is correct that the motion is phrased as a challenge to personal jurisdiction which was not timely filed. However, a court has no jurisdiction over a lawsuit by or against a decedent. O'Leary v. Waterbury Title Co.,117 Conn. 39, 47 (1933) ("A judgment in an action begun and prosecuted against a defendant who is dead when it was begun, is null and void and may be attacked collaterally as well as directly"); Castelhano v. Baldwin, Superior Court, judicial district of Hartford/New Britain, Docket No. 469194 (November 24, 1995) (Fineberg, J.). Therefore, the court has no subject matter CT Page 6305 jurisdiction, and once the lack of subject matter jurisdiction is brought to the courts' attention, the court can act no further but must dismiss the action. Ertel v. Carothers 34 Conn. App. 18. 24, 639 A.2d (1994).
General Statutes § 52-599 (a) provides, "[a] cause of action shall not be lost or destroyed by the death of any person, but shall survive in favor or against the executor or administrator of the deceased person." In this case the cause of action existed against the executor or administrator, but the plaintiff did not sue the executor or administrator, she sued the deceased, and the court cannot entertain an action against the deceased. General Statutes § 52-599 (b) provides that a cause of action shall not abate if a party dies, and "if a party defendant dies" the party may substitute an executor or administrator. However, this section applies if a party dies during the suit, it does not apply when a party died long before the institution of the suit.
Accordingly, the complaint is dismissed.
RYAN, J.