## ROSE NOBLE *v.* ALVAN CORKIN ET AL.

Superior Court         Judicial District of      File No. CV960392737
New Haven

Memorandum filed March 20, 1998

*Frank L. Cirillo,* for the plaintiff.

*McGrail, Carroll & Turney,* for the defendants.

BLUE, J. *Strange cases abound in the judicial round,*
*Pursued by a vigorous bar,*
*And the lawyers we hear have a secret fear*
*That some cases have gone too far.*

*But of all the cases in all the books*
*That I've got stuffed in my head,*
*The strangest of all in the calendar call*
*Was served on the man who was dead.*

The defendant was dead all along. At least there is no doubt about that now. But not everyone knew that in the beginning. The plaintiff didn't know it, for she decided to sue him. The sheriff didn't know it, for he served the secretary of the state and mailed the defendant a copy (which, naturally enough, the defendant never received). Even the defendant's lawyer might not have known it, for he filed a general appearance for the defendant two months before he filed a suggestion of death. Now everybody knows it. The defendant (or, much more accurately, the defendant's lawyer) wants the case dismissed. Because only persons in being have the capacity to be sued and the defendant has not at any relevant time been a person of that description, the motion to dismiss must be granted.

The defendant, Alvan Corkin, died in Boston on January 6, 1994. Prior to his death, Corkin had owned property in West Haven. On January 25, 1994, the plaintiff, Rose Noble, slipped and fell on ice that had accumulated on this very property. Noble retained an attorney, and the attorney checked the land records. The records still showed that Corkin owned the property. Noble thus decided to sue Corkin. Her attorney drafted a complaint alleging two counts of common law negligence. The first count is directed against Corkin. The second count is directed against a corporate defendant that allegedly managed the property. (The second count is not involved in the motion now before the court.)

It's one thing to draft a complaint against a dead man, but serving him is a little more tricky. Service here was aided by a fortuity. The land records showed a Washington, D.C. address. Service was consequently made on the secretary of the state, and a copy was sent to Corkin in Washington, D.C. by registered or certified mail. General Statutes § 52-59b (c). The address turned out to be a post office box for the federal Department

of Housing and Urban Development (HUD). A green card, signed by a (presumably living) HUD official, was duly returned to the sheriff.

Service, thus described, was made on October 8, 1996. On October 23, 1997, counsel entered a general appearance for the defendant, who by this time had been dead for almost three years. On December 18, 1997, the same counsel filed a suggestion of death, accompanied by a death certificate, and the motion to dismiss now before the court. The motion, which seeks dismissal only of the first count (the one directed against Corkin), was heard on March 16, 1998.

There are two problems here. The first is that Corkin was dead at the time of service. The second is that he was dead at the time of the tort. In some ways it would make sense to deal with the second problem first. Corkin was irrefutably dead and buried when Noble slipped and fell. He neither owned nor controlled the property in question at the time of the fall. Given this consideration, it seems sensible, at first blush, to treat the motion to dismiss as a motion for summary judgment and grant it on the ground that the defendant has firmly established the ultimate alibi. On reflection, however, this would not be an appropriate legal procedure. The underlying problem is that service on a dead man deprives the court of jurisdiction to pronounce any decision on the merits, no matter how sensible that decision may be.

"By its very terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent." *Thompson* v. *Peck*, 320 Pa. 27, 30, 181 A. 597 (1935). Corkin, the person named in the writ as the defendant in this case, was dead at the time of service. No such person existed at that time. The first count of the complaint is thus an action against nobody.

*Bateman* v. *Wood*, 297 Mass. 483, 485, 9 N.E.2d 375 (1937). "[A] dead person is a nonexistent entity and cannot be a party to a suit. Therefore, proceedings instituted against an individual who is deceased at the time of the filing of suit are a nullity. Such proceedings are void ab initio and do not invoke the jurisdiction of the trial court." *Volkmar* v. *State Farm Mutual Automobile Ins. Co.*, 104 Ill. App. 3d 149, 151, 432 N.E.2d 1149 (1982); accord *Richie* v. *Laususe*, 892 S.W.2d 746, 748 (Mo. App. 1994).

Our survival of action statute, General Statutes § 52-599, has no application to the facts in this case. That statute provides, in relevant part, that "[a] cause or right of action shall not be lost or destroyed by the death of any person" and that "[a] civil action or proceeding shall not abate by reason of the death of any party thereto . . . ." Statutes of this description apply when a party dies after commencement of the action. *Chandler* v. *Dunlop*, 311 Mass. 1, 6, 39 N.E.2d 969 (1942). Here, the person named as the defendant was dead before the cause of action had arisen or the action itself had commenced. On these facts, there was no "cause or right of action" to be saved, and no "civil action or proceeding" ever existed.

It is similarly inconsequential that constructive service was made on the secretary of the state. Section 52-59b is not a survival of action statute. "It does not appoint somebody against whom the cause of action exists. It only appoints somebody to accept service for whomever the proper defendant might be; and if there is no defendant in existence, service on the [secretary of the state], as agent, is ineffectual." *Wood* v. *Martin*, 328 N.W.2d 723, 725 (Minn. 1983). For this reason, service on a nonresident defendant, by leaving process with the secretary of the state, is invalid if the defendant died prior to the constructive service. *Hunt* v. *Tague*,

205 Md. 369, 377–78, 109 A.2d 80 (1954); *Brickley* v. *Neuling*, 256 Wis. 334, 336, 41 N.W.2d 284 (1950).

For the reasons explained above, the court has no jurisdiction over the first count of the complaint. The motion to dismiss that count is granted.

*These are the simple facts of the case, and I guess I*
*ought to know.*
*I've heard the facts and looked up the law, and I've got*
*this opinion to show.*
*I'm not so wise as the lawyer guys, but this is what*
*I've read:*
*If you sue a man who is cold in the ground, your*
*case—like the man—will be dead.*