[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO SUBSTITUTE #113
Intervening plaintiff, Roadway Express, Inc. (Roadway), having paid out worker's compensation benefits to plaintiff, William F. Duncan, Jr., has moved to substitute the administratrix for the estate of Michael Blanco as party defendant in the above-captioned matter. The defendant objects and argues that the motion to substitute is untimely.
"[T]he question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time." Daleyv. Hartford, 215 Conn. 14, 27-28, 574 A.2d 194, cert. denied,498 U.S. 982, 111 S.Ct. 513, 112 L.Ed.2d 525 (1990). See alsoGlastonbury Volunteer Ambulance Association, Inc. v. Freedom ofInformation Commission, 227 Conn. 848, 852, 633 A.2d 305 (1993) ("the trial court . . . [can determine] sua sponte that its subject matter jurisdiction was in question . . .").
A motor vehicle accident occurred in March, 1994. Michael Blanco, who was ultimately to be the originally named defendant in the present case, died in July of 1994. The plaintiff, Duncan, did not bring suit and attempt service on Michael Blanco until August 10, 1995; the summons and complaint were filed in the court on August 30, 1995. (Sheriff's Return.) Thus, the plaintiff had not yet sued Blanco at the time of Blanco's death. Plaintiff's employer, Roadway, moved to intervene in the case in September, 1995. At that time, the defendant Blanco, for whom counsel had appeared, filed a "suggestion of death" dated September 19, 1995, stating that the defendant, Michael Blanco, died on July 28, 1994. Roadway's motion to substitute comes nearly two and a half years after this "suggestion of death" was filed.
"A judgment in an action begun and prosecuted against a defendant who is dead when it was begun, is null and void and may CT Page 12508 be attacked collaterally as well as directly." O'Leary v.Waterbury Title Co., 117 Conn. 39, 47, 166 A. 673 (1933). Accordingly, a court has no jurisdiction over a lawsuit by or against a decedent. See Williams v. Marcher, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 346212 (January 26, 1998, Skolnick, J.) (relying on O'Leary v. WaterburyTitle Co.); Brown v. Novick, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 150483 (October 8, 1996, Ryan, J.) (17 Conn. L. Rptr. 564) (same); Castelhano v. Baldwin, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 469194 (November 24, 1995, Fineberg, J.) (same). See also Noble v. Corkin, 45 Conn. Sup. 330, ___ A.2d ___ (1998) (no cause of action exists where dead person is served and court therefore lacks jurisdiction). Furthermore, General Statutes § 52-599[1] does not salvage plaintiff's cause as that statute applies when a party dies during the suit and not when a party died before the institution of the suit. Williams v.Marcher, supra, Superior Court, Docket No. 346212; Brown v.Novick, supra, 17 Conn. L. Rptr. 564.
The court, therefore, finds that it lacks jurisdiction over the present matter. "A court may raise the issue of its subject matter jurisdiction sua sponte and must dismiss the case if it finds subject matter jurisdiction to be lacking." State v. Carey,222 Conn. 299, 305, 610 A.2d 1147 (1992). Accordingly, the court must dismiss this case.
NADEAU, JUDGE