LATAUNYA BROCK *v.* A-1 AUTO SERVICE, INC., ET AL.

Superior Court          Judicial District of          File No. CV980414991S
                        New Haven

Memorandum filed December 11, 1998

*W. Martyn Philpot, Jr.*, for the plaintiff.

*Regnier, Taylor, Curran & Eddy*, for the defendants.

BLUE, J. The motion to dismiss now before the court raises several issues involving the court's jurisdiction over a John Doe defendant. For the reasons set forth below, the motion must be granted.

The plaintiff, Lataunya Brock, claims that on June 28, 1996, she was injured in an accident caused by a vehicle owned by A-1 Auto Service, Inc. (A-1). Brock does not know the name of the person who drove the A-1 vehicle. She commenced this action, alleging negligence, by service of process on July 7, 1998. There are two defendants. One defendant, A-1, does not contest the court's jurisdiction. The problem lies with the second defendant.

Brock's complaint describes the second defendant as "John Doe." It alleges that "John Doe was the operator of the vehicle owned by [A-1]." It further claims that John Doe operated the A-1 vehicle negligently and that A-1 "allowed" him to do so. The complaint consists of two counts. The first count is directed at Doe. The second count is directed against A-1.

The summons describes the second defendant as "Joe Doe." It gives his address as "c/o A-1 Auto Service, Inc., 50 Amity Road, New Haven, Ct."

The sheriff's return states that service was made on July 7, 1998, "by leaving a true and attested copy of the original Writ, Summons, Complaint and Statement of

Amount in Demand with my doings thereon endorsed, with and in the hands of **DOMINIC GAGLIARDI, AGENT FOR SERVICE FOR A-1 AUTO SERVICE, INC. WHO ACCEPTED FOR JOE DOE.**"

On July 24, 1998, counsel filed a general appearance for "All Defendants." The motion to dismiss now before the court was filed on August 12, 1998. While the motion facially seeks dismissal of Brock's entire complaint, the only ground for the motion is that the court lacks jurisdiction over the second defendant, variously described as John Doe and Joe Doe. The court will consequently construe the motion as being directed at only the first count of the complaint (the count directed against Doe). The motion was heard on December 7, 1998.

One minor problem must be mentioned before a much larger one is discussed. The complaint describes the second defendant as "John Doe," while the summons and the return identify the same defendant as "Joe Doe." If John Doe was the defendant's real name, service on a person named Joe Doe would pose obvious problems because of the possibility that the wrong person had been served. That is not, however, the case here. The plaintiff has used John Doe as a fictitious name, and the very real problems of service of process on this pseudonymous person have nothing to do with the variance in the names of John and Joe Doe. If service had been otherwise proper, the plaintiff could subsequently seek to amend the writ by insertion of the right name. *Scandinavian Jewelry Box Works, Inc.* v. *Gilbert*, 18 Conn. Sup. 445, 446 (1953). The variance here is a mere scrivener's error that should not divert the court's attention from the far more substantial problems that beset the claim against this defendant at every turn.

The real questions raised by this case involve the use of a pseudonym to describe—and serve—a defendant

whose actual name cannot be determined. It should be emphasized that the use of a pseudonym is not by itself objectionable. Our case reports are full of cases involving pseudonymous parties. John Doe and his significant other, Jane Doe, appear periodically in our case reports as plaintiffs, as defendants, and sometimes as both. See *State* v. *Doe*, 149 Conn. 216, 178 A2d 271 (1962); *Doe* v. *Doe*, 163 Conn. 340, 307 A.2d 166 (1972). (The case now before the court marks the apparent litigational debut of John and Jane Doe's hitherto unnoticed relative, Joe Doe.) The Does in all their glory are, however, eclipsed in popularity by that veritable titan of obscurity known as Anonymous. Anonymous occasionally appears as a plaintiff; see *Anonymous* v. *Norton*, 168 Conn. 421, 362 A.2d 532, cert. denied, 423 U.S. 935, 96 S. Ct. 294, 46 L. Ed. 2d 268 (1975); but it is as a defendant in criminal cases that he really makes his mark. See, e.g., *State* v. *Anonymous*, 173 Conn. 414, 378 A.2d 528 (1977).

The cases just cited, however, all involve identifiable persons whose names have been cloaked in anonymity at some point after the onset of the litigation, almost always to spare them from the embarrassment of publicity. In the numerous *State* v. *Anonymous* cases, for example, there can be no doubt that a real person has been arrested and that he knows that he has been arrested. The cloak of anonymity is conferred after the commencement of the action.

Existing Connecticut law offers some guidance on this subject. General Statutes § 52-45a provides that: "Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, *describing the parties* . . . ." (Emphasis added.) Accord Practice Book § 8-1 (a). Our Supreme Court has stated that this requirement "presumably" refers to a description of the parties "by their real names, so that they may be identified." *Buxton* v. *Ullman*, 147 Conn. 48, 59, 156 A.2d 508 (1959), appeal dismissed, 367 U.S. 497, 81 S.

Ct. 1752, 6 L. Ed. 2d 989 (1961). Practice Book § 6-2 provides that: "In the captions of pleas, answers, etc., the parties may be described as John Doe *v.* Richard Roe et al., but this will not be sufficient in a judgment file, which must give all the data necessary for use in drawing any execution that may be necessary."

These provisions draw a commonsense distinction between the writ (and, much later, the judgment file), which must describe the parties with particularity, and the pleadings, which may cloak the names of the parties with anonymity, at least under certain circumstances. The writ *must* identify the parties—particularly the parties being sued—for the litigation to even exist. "By its very terms, an action at law implies the existence of legal parties . . . ." *Thompson* v. *Peck,* 320 Pa. 27, 30, 181 A. 597 (1935). "[O]nly persons in being have the capacity to be sued . . . ." *Noble* v. *Corkin,* 45 Conn. Sup. 330, 331, 717 A.2d 301 (1998). Once the suit is commenced, a party can secure the court's permission to proceed anonymously. *Buxton* v. *Ullman,* supra, 147 Conn. 60. A plaintiff can seek such permission even before the commencement of the action. Id. But a plaintiff, even an anonymous one, will obviously be a person aware of the action and capable of prosecuting it. There is no particular problem in bringing an anonymous plaintiff before the court as long as a pseudonym is used to describe the real person appearing in court. An anonymous defendant, in contrast, presents formidable problems in this endeavor. If the defendant is not described with particularity in the process, that defendant simply cannot be brought before the court. How process could be served on any person whatsoever with the result that the true defendant could be brought before the court under these circumstances is unknowable. *United States* v. *Doe,* 44 F.2d 850, 851 (E.D.N.Y. 1930). The course of the litigation would be beset with

uncertainty from its vague inception to its chaotic conclusion.

"[T]he books do show us how to proceed when proper parties are unknown." *Kentucky Silver Min. Co.* v. *Day*, 14 F. Cas. 351, 352 (D. Nev. 1873) (No. 7719) (Hillyer, J.). "The difficulty is not overcome by making the unknown ones parties under a false name, but by dispensing with them altogether, if the suit can proceed without them, or by praying a discovery for the purpose of bringing them before the court." Id. Either of these alternatives could plainly have been followed in the case at hand. Brock knows the name of one defendant, A-1, and she claims that the known defendant allowed the unknown defendant to use its vehicle. She could have simply sued A-1 and learned the name of the driver through either formal or informal discovery. Once the identity of the driver was ascertained, a proper action against him could have been commenced. (This alternative, of course, remains open to Brock in the future.) Alternatively, Brock could have brought a bill of discovery in equity. Practice Book § 13-18. She cannot, however, proceed in the way she has chosen.

This analysis is reinforced by both several unpublished Superior Court decisions and numerous published decisions from other jurisdictions. "The majority of courts considering this issue have held that jurisdiction to sue unknown or fictitious persons must be obtained pursuant to some express rule or statute." *Van Biene* v. *ERA Helicopters, Inc.*, 779 P.2d 315, 322–23 (Alaska 1989) (citing authorities); see note, "Designation of Defendants by Fictitious Names—Use of John Doe Complaints," 46 Iowa L. R. 773 (1961). Connecticut has no such express statute or rule.

Although these observations are sufficient to dispose of the motion now before the court, it should be noted that the service of process in this case would present

serious technical difficulties even if the court were to have theoretical jurisdiction over John Doe defendants in the abstract. Process on the second defendant here was served on an "agent for service for A-1." Process in this state must ordinarily be left "with the defendant, or at his usual place of abode." General Statutes § 52-57 (a). General Statutes § 52-57 (f) (2) allows service on a designated agent under certain circumstances when a party to an action "is employed by an employer with fifteen or more employees . . . ." Brock's complaint does not, however, describe John Doe as an employee of A-1 or anyone else, and no evidence on this subject was submitted at the hearing.

Brock does not rely on § 52-57 (f) (2) in her argument. She instead relies upon General Statutes § 52-63, which allows service on the commissioner of motor vehicles in certain matters. This is a puzzling argument, since there has been no service of any kind on the commissioner of motor vehicles in this case. That statute hardly authorizes the service on the very different asserted "agent" that occurred here.

For the reasons set forth above, the motion to dismiss the first count of the complaint is granted.