[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DEFENDANT CITY'S MOTION FOR SUMMARY JUDGMENT
 FACTS
The plaintiff instituted this suit by a complaint dated November 11, 1997 and returnable December 16, 1997. The defendants we are concerned with are the City of New Haven and "John Doe #1."
The complaint alleges that "John Doe #1" was a New Haven police officer who was engaged in a high speed chase, causing a collision whereby the plaintiff suffered damages. Any award against the officer will be recovered from the defendant City. The accident occurred on January 24, 1997.
The defendant City's motion argues that Connecticut does not recognize a cause of action brought against an unknown or fictitious person. The motion was filed on May 6, 1998. On June 18, 1998, the plaintiff filed an objection and requests for interrogatories, the latter designed to CT Page 15317 discover the identity of the police officer alleged to have been involved in the chase. This request was granted on July 16, 1998.
The summary judgment motion was never argued and the City did not respond to the interrogatories.
As these matters now come to the court, the pleadings have been closed, it is on the jury trial list, and the defendants remain as at the onset, the City of New Haven and "John Doe #1."
The City seeks summary judgment, while the plaintiff asks the court for permission to amend their complaint. The amendment sought is to substitute the name of Robert Levy, a police officer, for "John Doe #1."
 DISCUSSION
The defendant City cites several Connecticut cases in support of its position that there is no authority to proceed against unknown persons in our courts. Judge Blue's detailed treatment of the subject is found inBrock v. A-1 Auto Service, Inc. et al., 45 Conn. Sup. 525 (1999). At page 529, he says:
 "The writ must identify the parties — particularly the parties being sued — for the litigation to even exist. "By its very terms, an action at law implies the existence of legal parties. . . .' Thompson v. Peck, 320 Pa. 27, 30, 181 A. 597
(1935). `[O]nly persons in being have the capacity to be sued. . . .' Noble v. Corkin, 45 Conn. Sup. 330, 331, 717 A.2d 301 (1998)."
The plaintiff had alternatives to pursue to avoid the consequences they now face, as noted by Judge Blue at page 530. However, no effective step was taken before the statute of limitations ran.
The plaintiff argues that the City had notice of the accident and the gist of the complaint so it cannot claim surprise nor show it was disadvantaged in any way and it should have revealed what officer was involved.
Of course, the City owes no duty to the plaintiff to assist him in this fashion. And, the City denies there was a chase. The accident report of the episode in question was available to the plaintiff in January of 1997. It was prepared and signed by Officer Levy. He is the party the plaintiff now seeks to have made a party. CT Page 15318
The other fallacy to the plaintiff's position is that they characterize their motion to amend as really correcting a misnomer. This is not the case at all, they did not use the wrong name, they used a fictitious name.
Robert Levy was never served and was never made a party to this action. The plaintiff would have this court make him a party almost five years after the accident by simply inserting his name. This totally ignores the rights Mr. Levy has and his entitlement to the protection of the statute of limitations.
 CONCLUSION
Though it would more properly be brought as a motion to dismiss, the court grants the defendant's Motion For Summary Judgment and denies the plaintiff's Motion to Amend.
Anthony V. DeMayo, J.T.R.