[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: Motion to Dismiss #114
The plaintiff, Fannie Jones, commenced this action against the defendants, Susan S. Lawler (Lawler) and Warren Green (Green), seeking damages for personal injuries allegedly sustained in a motor vehicle collision. The plaintiff's complaint, dated September 17, 1999,[1]
contains two counts. The first count is asserted against Lawler and the second count is asserted against Green. The plaintiff alleges that in 1997, she was a passenger in a motor vehicle owned and operated by Green, when a collision occurred between Green's motor vehicle and a motor vehicle owned and operated by Lawler. This memorandum of decision solely involves plaintiff's cause of action against Green (hereinafter, the defendant). Before this court is the defendant's motion to dismiss, filed on the ground that the court lacks jurisdiction because the CT Page 1833 defendant died in January of 1999, prior to the time that the plaintiff attempted to commence this action against him. A summary of the pertinent factual and procedural history of this action follows.
According to the recitations in the sheriff's return, in September of 1999, the plaintiff attempted to commence this action against the defendant by two methods of service of process. First, on September 23, 1999, service was made upon the defendant's son at the defendant's usual place of abode. See General Statutes § 52-57 (a). Second, on September 24, 1999, service was made upon the commissioner of motor vehicles (along with a diligent search affidavit), and by mailing a certified, return receipt and postage prepaid copy of the process addressed to the defendant. See General Statutes § 52-63. A supplemental sheriff's return indicates that on October 26, 1999, the certified mailing was returned to the sender, unclaimed. On October 30, 2000, the defendant's counsel filed an appearance in this action and on December 15, 2000, the defendant, through counsel, filed an answer. In August of 2001, counsel for the defendant filed a suggestion of death,[2] indicating that the defendant died on or about January 23, 1999.
On September 17, 2001,[3] counsel for the defendant filed a motion to dismiss on the ground that the court lacks jurisdiction over the portion of the case involving the defendant, because the defendant was deceased at the time this action was commenced. In support of the motion, counsel for the defendant filed memoranda of law and documentary exhibits, including a copy of a certificate of death indicating that the defendant was pronounced dead on January 25, 1999. The plaintiff has filed a memorandum of law objecting to the motion. The plaintiff does not dispute the fact of the defendant's death or the general timing thereof.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914 (1991). A motion to dismiss may be used to assert, among other things, lack of jurisdiction over the subject matter and lack of jurisdiction over the person. Practice Book § 10-31(a). Generally, motions to dismiss must be made within thirty days of filing an appearance;" Discover Leasing, Inc. v. Murphy, 33 Conn. App. 303,307, 635 A.2d 843 (1993); Practice Book § 10-30; and such motions must generally be filed before a defendant's answer. See Practice Book § 10-32. Nevertheless, "[a] motion to dismiss for lack of subject matter jurisdiction may be made at any time." Stroiney v. Crescent LakeTax District, 205 Conn. 290, 294, 533 A.2d 208 (1987); see also Practice Book § 10-33. CT Page 1834
"It is well established that in ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Brackets omitted; internal quotation marks omitted.) LawrenceBrunoli, Inc. v. Branford, 247 Conn. 407, 410-11, 722 A.2d 271 (1999). Furthermore, "[t]he motion to dismiss . . . invokes the existing record and must be decided upon that alone." Ferreira v. Pringle, 255 Conn. 330,346, 766 A.2d 400 (2001). "Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." Id., 346-47; see also Practice Book § 10-31.
Through counsel, the defendant argues that this action was never properly commenced against the defendant because the defendant was not a living person at the time that service of process was attempted. The defendant's counsel contends that where a defendant dies prior to the commencement of a cause of action, the action is null and void from its inception, citing, inter alia, Joyner v. Hmurcik 46 Conn. Sup. 149,740 A.2d 353 (1999), and Noble v. Corkin, 45 Conn. Sup. 330, 332,717 A.2d 301 (1998). The defendant's counsel concludes, therefore, that this court lacks jurisdiction over the person and the subject matter of the action.
In response, the plaintiff argues that the defendant has waived any right to contest personal jurisdiction. See Practice Book §§ 10-30, 10-32. Furthermore, the plaintiff argues that service on a deceased individual does not necessarily deprive the court of subject matter jurisdiction, citing, inter alia, Federal National Mortgage Associationv. Costa, Superior Court, judicial district of Waterbury, Docket No. 129150 (May 17, 1996, Kulawiz, J.) (16 Conn.L.Rptr. 586), aff'd,43 Conn. App. 914, 684 A.2d 283 (1996) (per curiam), and Jakubowski v.Wilcox, Superior Court, judicial district of New London at New London, Docket No. 115840 (December 7, 1998, Mihalakos, J.) (23 Conn.L.Rptr. 435). The plaintiff contends that in this case, the defendant has suffered no prejudice as a result of having been served process after his death, and that traditional notions of fairness dictate that at this late stage of the action, the motion to dismiss should be denied.
This court notes that the defendant's motion is phrased, in part, as a challenge to personal jurisdiction and furthermore, that the right to challenge personal jurisdiction may be waived under certain circumstances. See Practice Book § 10-32 ("[a]ny claim of lack of jurisdiction over the person . . . is waived if not raised by a motion to dismiss filed in the sequence provided in [Practice Book §§] 10-6 and CT Page 1835 10-7 and within the time provided by [Practice Book §] 10-30."). However, this court also notes that the defendant's motion is phrased, in part, as a challenge to subject matter jurisdiction and that "[a] claim that [the] court lacks subject matter jurisdiction [may be raised] at anytime." Dowling v. Slotnick, 244 Conn. 781, 787, 712 A.2d 396, cert. denied sub nom. Slotnick v. Considine, 525 U.S. 1017, 119 S.Ct. 542,142 L.Ed.2d 451 (1998); see also Practice Book § 10-33 ("[a]ny claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found . . . that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action."). "Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it." Id. "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case."Figueroa v. C S Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845 (1996).
Connecticut courts lack jurisdiction over lawsuits commenced against decedents. See O'Leary v. Waterbury Title Co., 117 Conn. 39, 47, 166 A. 673
(1933) ("[a] judgment in an action begun and prosecuted against a defendant who is dead when it was begun, is null and void and may be attacked collaterally as well as directly."). Such proceedings are deemed "void ab initio" or "null and void," and therefore, are dismissed for want of subject matter jurisdiction. See e.g., Joyner v. Hmurick, supra,46 Conn. Sup. 149; Noble v. Corkin, supra, 45 Conn. Sup. 332-33; Williamsv. Marcher, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 346212 (January 29, 1998, Skolnick, J.) (21 Conn. L. Rptr. 303);Brown v. Novick, Superior Court, judicial district of Stamford, Docket No. 150483 (October 8, 1996, Ryan, J.) (17 Conn. L. Rptr. 564);Castelhano v. Baldwin, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 469194 (November 24, 1995, Fineberg, J.). Furthermore, General Statutes § 52-599[4] does not operate to save such actions in order to allow for the substitution of a decedent's executor or administrator, because that statute applies when a party dies during the suit, rather than prior to the institution of the suit. Noble v. Corkin, supra, 45 Conn. Sup. 333; Williams v.Marcher, supra, 21 Conn.L.Rptr. 303; Brown v. Novick, supra,17 Conn. L. Rptr. 564.
In Noble v. Corkin, supra, the court explained that "[b]y its very terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent. . . . [T]he person named in the writ as the defendant in this case, was dead at the time of service. No such person existed at that time. The . . . count of the complaint [directed towards the decedent] is thus an action against nobody. . . . [A] dead person is CT Page 1836 a non-existent entity and cannot be party to a suit. Therefore, proceedings instituted against an individual who is deceased . . . are a nullity. Such proceedings are void ab initio and do not invoke the jurisdiction of the trial court." (Citations omitted; internal quotation marks omitted.) Noble v. Corkin, supra, 45 Conn. Sup. 332-33. Thus, theNoble court determined that it lacked jurisdiction over the count of the complaint directed towards the decedent and accordingly, it granted a motion to dismiss that count.
Applying the principles described above to the present case, this court finds that it lacks jurisdiction over the count of the plaintiff's complaint that is directed towards the defendant because the defendant died prior to the time that the plaintiff commenced this action.[5]
Although the plaintiff cites Federal National Mortgage Association v.Costa, supra, 16 Conn.L.Rptr. 586, and Jakubowski v. Wilcox, supra,23 Conn.L.Rptr. 435, for the proposition that service on a deceased individual does not necessarily deprive the court of subject matter jurisdiction, this court finds that those cases are distinguishable from, and inapplicable to, the present action.
In both Costa and Jakubowski, a living defendant sought to have the case against her dismissed because her co-defendant died prior to the commencement of the action. Furthermore, in both cases, the living defendant succeeded to the interests of the deceased co-defendant: inCosta, a foreclosure action, the living defendant was the surviving joint tenant to the mortgaged property and the mortgage obligation; inJakubowski, a dispute involving real property, the living defendant was the wife of the deceased co-defendant and she had inherited the subject property upon her husband's death. Consequently, both the Costa andJakubowski courts concluded that the inclusion of the deceased co-defendant in the suit was not a jurisdictional defect that fatally affected the action against the living defendant.
In this action, unlike Costa and Jakubowski, the deceased defendant (through counsel) seeks the dismissal of only that portion of the case that is directed towards the decedent. Furthermore, in this action, unlike Costa and Jakubowski, the interests of the deceased defendant (or the interests of any estate which may be set up on his behalf) are likely to be adverse to the interests of the remaining co-defendant, Susan S. Lawler. Consequently, in this action, this court concludes that the inclusion of the deceased defendant is a jurisdictional defect that is fatal to the portion of the action directed against him, since the action directed against him was void from its inception.[6]
In summary, for the foregoing reasons, this court concludes that it lacks jurisdiction over the portion of the case involving the deceased CT Page 1837 defendant, specifically, the second count of the plaintiff's complaint. Accordingly, the motion to dismiss that count is granted.
ADAMS, J.