[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS (#116)
Before the court is the defendant's motion to dismiss. For the following reasons, the court dismisses the action.
 I BACKGROUND
This case arises out of a motor vehicle accident which allegedly occurred on October 22, 1997. The plaintiff, Barbara Marcejonis, alleges that the defendant, Elmis H. Torres, who was driving the other motor vehicle involved in the accident, struck her motor vehicle, and that as a result she has suffered damages and injuries. The defendant died of natural causes on March 18, 1999. At that time, no administrator or executor was appointed over the defendant's estate.
The plaintiff filed this action against the defendant on November 22, 1999. The sheriffs return of service shows that copies of the writ, summons and complaint were mailed to the defendant's address, left with the office of the commissioner of motor vehicles, and left at the CT Page 4413 defendant's address. On February 9, 2001, the defendant[1] filed a suggestion of death, notifying the plaintiff that the defendant was deceased (#109). Pursuant to General Statutes § 52-599 and Practice Book § 9-18, on November 19, 2001, the plaintiff filed a motion to substitute party defendant and to compel appointment of representatives of the estate of the defendant (#112) (the "motion to substitute"). This motion sought an order directing the defendant's counsel to open an estate, so that an administrator or executor would be appointed and could be served with the action. The motion to substitute did not specify the date of the defendant's death. On December 10, 2001, this court, absent objection, granted the motion to substitute.[2]
On January 3, 2002, the defendant filed this motion to dismiss on the ground that the court lacks subject matter jurisdiction, since the defendant was already deceased when the plaintiff brought this action. A certified copy of the death certificate is attached to the motion to dismiss as exhibit A.[3]
On January 30, 2002, the plaintiff filed a substituted complaint naming Julius J. Janusz, as administrator of the estate of Elmis Torres, as the substituted defendant. Initially, the plaintiff argued at oral argument that she may proceed under General Statutes § 52-599.[4] She has, however, since conceded in her supplemental memorandum of law in opposition to the motion to dismiss (#121), at page 1, that § 52-599
is inapplicable because the defendant did not die while the action was pending.[5] The plaintiff now argues that the court should find that the statute of limitations tolled under General Statutes § 52-584 and that the court should therefore allow the plaintiff to serve Janusz with the substituted complaint. At oral argument on March 11, 2002, both parties agreed that testimony was not necessary in connection with the motion.
 II STANDARD OF REVIEW
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622,624, 461 A.2d 991 (1983). "[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowling v. Slotnick, 244 Conn. 781, 787, 712 A.2d 396, cert. denied, 525 U.S. 1017, 119 S.Ct. 542, 142 L.Ed.2d 451 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Citations omitted; internal quotation marks omitted.) CommunityCT Page 4414Collaborative of Bridgeport, Inc. v. Ganim, 241 Conn. 546, 552,698 A.2d 245 (1997). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader."Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
 III DISCUSSION
"A judgment in an action begun and prosecuted against a defendant who is dead when it was begun, is null and void and may be attacked collaterally as well as directly." O'Leary v. Waterbury Title Co.,117 Conn. 39, 47, 166 A. 673 (1933). See also Duncan v. Blanco, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326037 (November 4, 1998, Nadeau, J.); Noble v. Corkin, 45 Conn. Sup. 330,717 A.2d 301 (1998); Williams v. Marcher, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 346212 (January 29, 1998, Skolnick, J.) (21 Conn.L.Rptr. 303); Castelhano v. Baldwin, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 469194 (November 24, 1995, Fineberg, J.) "The underlying problem is that service on a dead man deprives the court of jurisdiction to pronounce any decision on the merits." Noble v. Corkin, supra,45 Conn. Sup. 332; see also Castelhano v. Baldwin, supra, Superior Court, Docket No. 469194 (holding that service on the commissioner of motor vehicles was ineffective because the appointment of the commissioner as attorney for service was revoked by the defendant's death).
Finally, the plaintiffs argument that the statute of limitations was tolled by the defendant's death is irrelevant. When a tortfeasor dies, the statute of limitations, General Statutes § 52-584, is tolled until the appointment and qualification of a fiduciary. See Deangelis v.Winiarski, Superior Court, judicial district of New Britain, Docket No. 502458 (May 7, 2001, Graham, J.) (29 Conn.L.Rptr. 555). No one has argued, however, that the plaintiff has failed to meet the statute of limitations. Instead, the only way in which this action may be said to beuntimely is that the plaintiff brought it after the defendant died and therefore sued a legal nonentity, thus depriving the court of subject matter jurisdiction.
 IV CONCLUSION
CT Page 4415
For the reasons herein stated, the court grants the defendant's motion to dismiss. It is so ordered.
BY THE COURT
 ___________________ ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT