[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO DISMISS (#104)
CT Page 9048
 I FACTS
This suit arises out of personal injuries allegedly sustained by the plaintiff, Aisha Salamo in a motor vehicle collision on December 26, 1999. On December 28, 2001, the plaintiff filed a two count complaint sounding in negligence against the defendants, Jose Malave, Leonardo Ingles and Frank Shukis, seeking damages for her alleged personal injuries. Count one is directed against Jose Malave and Leonardo Ingles. Count two is directed against Frank Shukis. For the purposes of this decision, only count two is addressed.
On March 20, 2002, counsel for Shukis filed a motion to dismiss asserting that the court lacks subject matter jurisdiction and that service of process on Shukis was insufficient due to his death on September 14, 1999. In support of the motion, Shukis' counsel filed a memorandum of law and attached thereto a copy of the sheriffs return of service. On March 28, 2002, the plaintiff filed an objection and several attachments, including a notice of appearance for Shukis, the police report of the collision and Shukis' answers to the plaintiffs interrogatories.
Shukis' counsel argues that the plaintiffs action was not properly commenced against Shukis because Shukis died over three months before the motor vehicle collision and service of process was insufficiently made on Shukis due to his death. Additionally, Shukis' counsel contends that when a person dies prior to the commencement of a cause of action, the action is null and void from its inception. Therefore, Shukis' counsel argues that the court lacks jurisdiction over the subject matter of the action.
In response, the plaintiff argues that Shukis' counsel waived any right to contest the court's personal jurisdiction over Shukis and insufficiency of service of process on Shukis because the motion to dismiss was filed more than thirty days after the plaintiff filed her appearance. In addition, the plaintiff does not dispute for the purposes of the motion to dismiss, that Shukis died three months before the automobile collision. Further, the plaintiff admits that service of process on Shukis was insufficient due to his death and, therefore, the action was wrongfully brought against Shukis.
 II CT Page 9049 DISCUSSION
The court first notes that Shukis' counsel moves only to dismiss on the grounds stated in his motion, those are lack of subject matter jurisdiction and insufficiency of service of process. Because a claim that the court lacks subject matter jurisdiction may be raised at anytime, Shukis' motion to dismiss is timely and properly before this court. See Dowling v. Slotnick, 244 Conn. 781, 787, 712 A.2d 396, cert. denied, 525 U.S. 1017, 119 S.Ct. 542, 142 L.Ed.2d 451 (1998); see also Practice Book § 10-33 (lack of jurisdiction over subject matter cannot be waived). Under Practice Book §§ 10-30 and 10-32, Shukis' counsel had thirty days to raise a claim of insufficiency of service of process through a motion to dismiss. Because Shukis's counsel failed to file a motion to dismiss within thirty days of the filing of an appearance, the right to raise such a claim was waived. See Practice Book § 10-32.
Under Connecticut law, a court lacks jurisdiction over a lawsuit commenced against a decedent. See O'Leary v. Waterbury Title Co.,117 Conn. 39, 47, 166 A. 673 (1933). "A judgment in an action begun and prosecuted against a defendant who is dead when it was begun, is null and void and may be attacked collaterally as well as directly." Id. Such proceedings are deemed "void ab initio" or "null and void," and are dismissed for want of subject matter jurisdiction. See Nobel v. Corkin,45 Conn. Sup. 330, 333, 717 A.2d 301 (1998). "By its very terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent. . . . [A] dead person is a non-existent entity and cannot be a party to a suit. Therefore, proceedings instituted against an individual who is deceased . . . are a nullity. Such proceedings are void ab initio and do not invoke the jurisdiction of the trial court." (Citations omitted; internal quotation marks omitted.) Id., 332-3.[1]
Applying these principles of law to the facts in the present case, the court finds that it lacks jurisdiction over count two of the plaintiffs complaint because Shukis died prior to the commencement of this action. Because the inclusion of Shukis in the plaintiffs suit is not a jurisdictional defect that fatally affects the action against the other living defendants, this court will only dismiss that portion of the complaint that is directed against Shukis.
 III CONCLUSION
For the foregoing reasons, the defendant's motion to dismiss is granted CT Page 9050 as to count two of the plaintiffs complaint.
 Francis J. Foley, III Judge of the Superior Court