[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] I PROCEDURAL HISTORY
The plaintiff Daniel Wickham commenced this action by writ, summons and complaint served on the defendant Dominick Vecchirarelli on September 5, 2002. Service was also made on the commissioner of motor vehicles, pursuant to General Statutes § 52-63, on September 12, 2002. On October 3, 2002, counsel filed an appearance on behalf of the defendant, who had died nearly five months earlier. Shortly thereafter, counsel filed a motion to dismiss for lack of subject matter jurisdiction on the ground that the defendant was deceased at the time he was allegedly served with this lawsuit. In support of the motion, a certified copy of the death certificate was submitted. (Exhibit B.) This matter appeared on the short calendar on December 16, 2002 as a non-arguable motion. The plaintiff has not filed an objection to this motion despite a request from the court, Wiese, J., that a reply be filed by January 2, 2003.
 II DISCUSSION
A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that be heard by the court." (Emphasis in original; internal quotation marks omitted.) Guriiacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." Sadloski v. Manchester, 235 Conn. 637,645-646 n. 13, 668 A.2d 1314 (1995).
The defendant died on May 16, 2002, prior to the commencement of this suit. (Exhibit B.) Because this action was brought against a deceased defendant, the court lacks jurisdiction. O'Leary v. Waterbury Title Co., CT Page 1183117 Conn. 39, 47, 166 A. 673 (1933). See also Noble v. Corkin,45 Conn. Sup. 330, 332-33, 717 A.2d 301 (1998). Also, it is of no consequence that service was made upon the commissioner of motor vehicles in accordance with General Statutes § 52-63, because "[a]lthough the legislature has expressly allowed substituted service upon the commissioner for resident motor vehicle operators whose whereabouts are unknown, the provisions of § 52-63 are revoked upon the death of the resident motor vehicle operator." Joyner v. Hmurcik, 46 Conn. Sup. 149,152, 740 A.2d 353 (1999). Therefore, the defendant's motion to dismiss is granted.
 III CONCLUSION
The motion to dismiss is granted.
BY THE COURT
___________________ Peter Emmett Wiese, Judge CT Page 1184